855 P.2d 484

**Loneita ATKINSON, Plaintiff–Respondent,**

v.

**Leon ATKINSON, Defendant–Appellant.**

No. 19807.

Court of Appeals of Idaho.

July 1, 1993.

---

24

Leon Atkinson, pro se appellant.

Barbara Buchanan, Sandpoint, for respondent.

CAREY, Judge, Pro Tem.

This case involves an appeal from a decision of the district court affirming a judgment in favor of Loneita Atkinson for child support. The appeal questions the sufficiency of the evidence to support the judgment. The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Loneita and Leon Atkinson were married in 1985. They have two minor children, Aimee Loneita Atkinson, born May 7, 1986, and Estrella Ford Atkinson, born March 7, 1988. The parties separated in July, 1989, and Loneita instituted divorce proceedings shortly thereafter. Early in 1990, the parties stipulated to joint legal and physical custody of the children. Under the terms of the stipulation, Leon was to pay a total of $50 in monthly child support, subject to certain adjustments. The trial court refused to ratify the support agreement and ordered a hearing.

Based on evidence presented at the hearing, the court found that Loneita had two years of college and was employed thirty hours a week as a hospital admitting clerk, earning a gross monthly income of $893.10 and a net monthly income of less than $700. Although she was licensed as a massage therapist, she could not earn a larger income from that occupation. She also received $160 per month in food stamps. Her monthly expenses included mortgage payments of $251.75, medical insurance payments for the children of $33.50, and day care expenses that varied depending on the amount of time Leon had the children in his home.

The court found that Leon, who was forty-three years old at the time of the hearing, was a self-employed classical guitarist with a master's degree. In the 1970's, prior to moving to Idaho, he earned $28,000 as head of the music department at Jersey State College. Since moving to Idaho, his annual income had been substantially less, but he did earn $17,000 in 1982. He held a part-time teaching position at North Idaho College from 1979 through 1983. Recently, he has earned limited income from concerts, private guitar lessons, and automobile renovation. Leon's total net monthly income immediately prior to the hearing averaged $470.

He has purchased a number of pieces of real estate, including a sixty-five acre parcel with a partially completed home in rural Bonner County, a 1.3 acre parcel with a studio in Sandpoint, and a four-plex rental unit in Sandpoint. Only the four-plex has a mortgage.

Based on the joint custody agreement and based on Leon's estimated travel for concert performances, the court calculated that the children would be living with Loneita sixty-four percent of the time and with Leon thirty-six percent of the time.

The court concluded that Leon was voluntarily underemployed most of the time and was capable of earning a gross monthly income of $1,000. Applying the factors contained in the then-existing child support guidelines and taking into consideration Leon's real estate holdings, the court ordered Leon to pay a total of $150 per

month in child support commencing in June, 1990.

## ISSUES ON APPEAL

Leon has appealed, asserting that the court improperly applied the existing child support guidelines and that the court's decision was not supported by evidence in the record. The same grounds previously were raised in an unsuccessful appeal to the district court.

The standard of review on an appeal from a child support award is whether the court abused its discretion. *See Reid v. Reid,* 121 Idaho 15, 822 P.2d 534 (1992). A support award will not be disturbed on appeal absent a manifest abuse of discretion. *Ross v. Ross,* 103 Idaho 406, 648 P.2d 1119 (1982).

We have reviewed the record and find nothing that suggests the court improperly applied the existing child support guidelines. Furthermore, there is overwhelming evidence to support the court's conclusions that Leon has been voluntarily underemployed, that he has been capable of earning at least $1,000 per month, and that he should pay a total of $150 per month in child support.

Because Loneita has prevailed on appeal, she is entitled to an award of costs to be determined under I.A.R. 40. She also has requested an award of attorney fees under I.C. § 12–121. As we noted, the evidence in the record supports the order requiring Leon to pay $150 per month in child support. The decision already has been affirmed by the district court. This appeal is little more than an invitation to second guess the trial court. We are left with an abiding belief that Leon's continued appeal of such an exceptionally modest child support order is frivolous, unreasonable, and without foundation. We, therefore, award attorney fees to the respondent in an amount to be determined under I.A.R. 41. *Edwards v. Edwards,* 122 Idaho 963, 842 P.2d 299 (Ct.App.1992).

## CONCLUSION

The judgment of the trial court is affirmed. Costs and attorney fees will be awarded in favor of respondent, Loneita Atkinson, upon timely submission of a cost bill. I.A.R. 40 and 41.

WALTERS, C.J., and SWANSTROM, J., concur.