24 P.3d 66

**Vickie Nanette PACE, n/k/a Vickie Nanette Sites, Plaintiff–Respondent,**

v.

**Douglas Michael PACE, Defendant–Appellant.**

No. 26114.

Court of Appeals of Idaho.

May 10, 2001.

Weinpel, Woolf & Combo, Idaho Falls, for appellant. Mark J. Weinpel argued.

Cooper, Wetzel, Avery Lee, Idaho Falls, for respondent. Royce B. Lee argued.

PERRY, Judge.

Douglas Michael Pace appeals from the district court's appellate decision affirming the magistrate's order granting Vickie Nanette Pace's petition to modify child support. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Douglas and Vickie are the parents of two minor children. Douglas and Vickie were divorced in December 1993, at which time they stipulated to a shared physical custody arrangement and Douglas agreed to pay monthly child support. In January 1998, Vickie lost her nursing license as a result of her addiction to prescription drugs. On June 3, 1998, Vickie filed a petition to modify the decree of divorce seeking an increase in the amount of child support paid by Douglas.

On December 8, 1998, a hearing was held regarding Vickie's petition to modify the decree of divorce. Following the hearing, the magistrate issued an order granting Vicki's petition, thereby temporarily increasing Douglas's monthly child support obligation. Douglas appealed to the district court claiming that the magistrate abused its discretion in finding that Vickie was not voluntarily underemployed for the purpose of awarding child support and also in finding that the arrangement between the parties did not amount to shared physical custody. The district court affirmed the magistrate's order. Douglas again appeals.

## II.

## ANALYSIS

### A. Standard of Review

Our review of a magistrate's decision is made independently from, but with due regard for, the decision of a district court sitting in an appellate capacity. *Worzala v. Worzala*, 128 Idaho 408, 411, 913 P.2d 1178, 1181 (1996); *Smith v. Smith*, 124 Idaho 431, 436, 860 P.2d 634, 639 (1993). The magistrate's findings of fact will be upheld if

they are supported by substantial and competent evidence. *Worzala*, 128 Idaho at 411, 913 P.2d at 1181; *Smith*, 124 Idaho at 436, 860 P.2d at 639.

The standard of review on an appeal from a child support award is whether the court abused its discretion. *Atkinson v. Atkinson*, 124 Idaho 23, 25, 855 P.2d 484, 486 (Ct.App. 1993). A support award will not be disturbed on appeal absent a manifest abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## B. Voluntarily Underemployed

■ On appeal, Douglas argues that the magistrate abused its discretion in finding that Vickie was not voluntarily underemployed, thereby resulting in a temporary decrease in her attributable income towards child support. In his appellant's brief, Douglas asserts that because it was Vickie's "willful choice to improperly use prescription drugs," any decrease in earning capacity as a result of such addiction was voluntary. Thus, Douglas argues that the award of child support should have been based on Vickie's gross potential income pursuant to Section 6 of the Idaho Child Support Guidelines. *See* I.R.C.P. 6(c)(6).

Section 6 of the guidelines defines income for the purpose of computing child support as including "(a) the gross income of the parents and (b) if applicable, fringe benefits and/or potential income; less adjustments as set forth in Section 7." Pursuant to Section 6(c)(1) of the guidelines, a trial court shall base its child support award on a parent's gross potential income if such parent is voluntarily underemployed, and states, in pertinent part:

Potential Earned Income. If a parent is voluntarily unemployed or underemployed, child support shall be based on gross potential income, except that potential income should not be included for a parent that is physically or mentally incapacitated. A parent shall not be deemed underemployed if gainfully employed on a full-time basis at the same or similar occupation in which he/she was employed for more than six months before the filing of the action or separation of the parties, whichever occurs first.

In this case, neither party disputes that Vickie was underemployed as a result of her addiction to prescription drugs at the time that the magistrate granted Vickie a temporary six-month reduction in her attributable income for calculation of Douglas's child support obligation. Thus, our inquiry is limited to the question of whether Vickie's addiction to prescription drugs rendered her underemployment "voluntary" for the purposes of Section 6(c) of the child support guidelines.

In the instant case, the magistrate found that, although Vickie had suffered a decrease in her earning capacity due to her addiction to prescription drugs, such decrease was not the result of voluntary underemployment. Based upon this determination, the magistrate granted Vickie "a temporary reduction in child support based upon her current income and evidence that such is her only and best available income which she could earn at this time, for a period of six (6) months from the date of this order." The net effect of the magistrate's determination was to lower Vickie's attributable income for child support calculation purposes, thereby increasing Douglas's child support obligation under the guidelines for this six-month period.

This Court has previously addressed the issue of voluntary unemployment in *Nab v. Nab*, 114 Idaho 512, 757 P.2d 1231 (Ct.App. 1988). In *Nab*, this Court held that where a parent is imprisoned for a crime other than nonsupport, such parent should be relieved of his or her obligation to pay child support during the period he or she is incarcerated unless it is affirmatively shown that he or she has income or assets to make such payments. This Court concluded that to impose "upon

the incarcerated parent a continuing support obligation, beyond his ability to pay, does not help the child. It simply adds to an accumulating burden which falls upon the parent at a time when he is least able to bear it—immediately upon release from prison." *Id.* at 519, 757 P.2d at 1238.

A review of the record reveals, however, that the magistrate also relied heavily on *State ex rel Dept. of Social Servs. v. Seals,* 701 So.2d 746 (La.Ct.App.1997), in reaching its conclusion. In *Seals,* the Louisiana Court of Appeals held that a change in the father's income due to the loss of his nursing license following a conviction for drug charges was sufficient to support a reduction in his child support. The court in *Seals* noted, however, that the father was employable and was currently performing manual labor, that he wished to return to nursing and resume paying the original amount of support, that he did not become delinquent in support until after he lost his job, and that there was no evidence that a reduction in the amount of child support would deprive the child of reasonable financial assistance. *Id.* at 749. In addition, the court in *Seals* ordered that the reduction in child support be of a temporary nature and that, once the father got his professional life in order, the child support payments would return to normal. *Id.*

We conclude that the reasoning utilized in *Nab* and *Seals* is applicable to the facts of the instant case. Vickie was not motivated in her abuse of prescription medication by a desire to shed her parental responsibilities. Vickie continued to seek employment at the highest level available throughout her periods of relapse and was employed on a full-time basis at the time of the hearing. Vickie testified that she was committed to seeking the full reinstatement of her nursing license. The magistrate's self-effectuating order only temporarily granted Vickie a reduction in her attributable income for the calculation of child support. Following the expiration of the six-month grace period, Vickie's attributable income reverted back to a calculation based upon her earnings at the time of the divorce. Thus, we hold that Douglas has failed to show that the magistrate abused its discretion in finding that Vickie was not vol-untarily underemployed for the purpose of awarding a temporary six-month modification in child support.

## C. Shared Physical Custody

Douglas also argues that the magistrate abused its discretion in finding that the existing custodial arrangement did not amount to shared physical custody. Generally, the amount of child support resulting from the application of the Idaho Child Support Guidelines is the amount of child support to be awarded. However, Section 10(e) of the guidelines provides that an adjustment in the amount of child support set out in the Idaho Child Support Guidelines shall be made if a relationship of shared physical custody exists. Specifically, Section 10(e)(1) provides, in pertinent part:

Determining Shared Custody. If there is a true sharing of physical custody and costs, not just extended visitation, then an adjustment in the Guidelines amount shall be made. If the child spends more than 35% of the overnights in a year with each parent, and if a true sharing of physical custody exists, and not just extended visitation rights, and a true sharing of costs, including the amount calculated in accordance with these Guidelines together with other costs of supporting the child, is shown by the party asserting the same, then an adjustment in the Guideline's support shall be made ... Where true cost sharing does not exist, no adjustment should be made regardless of the way time is shared.

Because the shared custody agreement initially stipulated to by the parties in this case expressly provided for such an adjustment, Douglas asserts that the magistrate erred in finding that a relationship of shared physical custody did not exist.

The ultimate burden of proof in a child support modification action is on the party seeking the modification. *Humberger v. Humberger,* 134 Idaho 39, 43, 995 P.2d 809, 813 (2000). We note, however, that the burden of production of evidence in an action to determine child support may be delegated to a party other than the one seeking the modification. Pursuant to Section 10(e) of

the guidelines, the party requesting an adjustment in the amount of child support set forth in the guidelines has the burden of producing evidence to show that the child or children spend more than 35 percent of the overnights in a year with said parent and that there exists a true sharing of costs and physical custody. Douglas was not initially required to carry this burden because the child support agreement to which the parties had stipulated expressly provided for such an adjustment. However, Vickie produced sufficient evidence at the hearing on her petition to modify child support which placed the existing custody arrangement in dispute. Thus, Douglas was required to then come forward with evidence to show that the parties' custody arrangement amounted to shared physical custody in order to be afforded the adjustment under Section 10(e). The magistrate found that Douglas failed to carry this burden.[1] The magistrate further found that, "[a]lthough the evidence showed that the child spends approximately 36% of her overnights with her father, the evidence in this case does not make a sufficient showing of a true sharing of physical custody or a true sharing of costs so that the arrangement is more than just extended visitation."

■ A review of the evidence supports the magistrate's determination. Vickie often cared for the children on the weekday mornings following an overnight visit with Douglas. Although the children spent Monday evenings at Douglas's house, Vickie was responsible for the children from the time they left school in the afternoon until Douglas returned home from work. Vickie arranged and provided for all medical and dental care. Vickie provided the children's breakfast on the Monday and Tuesday mornings following a visit with Douglas and often provided the children with lunch or lunch money for the school day. Vickie also purchased clothes for the children, paid their Boy Scout and Girl Scout fees, and bought their soccer, Boy Scout, and Girl Scout uniforms. Furthermore, Douglas presented no evidence showing the total cost of raising the two children, the percentage of that cost covered by his child support payments, the amount of expenses not covered by his child support payments, or the percentage of those additional expenses paid by each party. Thus, we conclude that there was substantial and competent evidence to support the magistrate's finding that the existing custody arrangement between the parties did not amount to shared physical custody. We hold that Douglas has failed to show that the magistrate abused its discretion in finding that an arrangement of shared physical custody did not exist and that, accordingly, Douglas was not entitled to an adjustment of child support under Section 10(e) of the guidelines.

### III.

### CONCLUSION

Douglas has failed to show that the magistrate abused its discretion in finding that Vickie was not voluntarily underemployed for the purpose of a temporary six-month adjustment in child support. Douglas has also failed to show that the magistrate abused its discretion in finding that an arrangement of shared physical custody did not exist. Therefore, we affirm the decision of the district court, affirming the magistrate's order granting Vickie's petition to modify child support. Costs, but not attorney fees, are awarded on appeal to respondent, Vickie.

Chief Judge SCHWARTZMAN and Judge Pro Tem MCDERMOTT, **CONCUR.**

---

1. Douglas also argues that in so finding, the magistrate incorrectly shifted the ultimate burden of proof on the petition to modify child support from Vickie, the party seeking the modification, to Douglas. However, a review of the magistrate's order granting Vickie's petition to modify child support shows that the ultimate burden of proof on the petition remained with Vickie. Thus, we determine no error has been shown in this regard.