127 P.3d 234

**Ana AGUIAR, aka Ana Aviles, Plaintiff–Respondent,**

v.

**Jorge AGUIAR, Defendant–Appellant.**

**No. 31538.**

Court of Appeals of Idaho.

Dec. 7, 2005.

---

Bujak Law, P.L.L.C., Nampa, for appellant. John T. Bujak argued.

Deford Law, P.C., Nampa, for respondent. R. George Deford, Jr. argued.

PERRY, Chief Judge.

Jorge Aguiar appeals from the district court's decision, on intermediate appeal, affirming the magistrate's order modifying a decree of divorce. We affirm.

## I.

### FACTS AND PROCEDURE

In 1982, Jorge and Ana Aguiar, aka Ana Aviles, were married in California. Two children were born of the marriage. In 1991, the parties divorced, Ana was awarded primary custody of the children, and Jorge was ordered to pay $300 per month in child support. Jorge remained in California while Ana moved to El Salvador. Ana later relocated to Texas and, in 1994, the child support was modified to increase Jorge's obligation to $600 per month. In September 2002, Ana sought an increase in child support and, in November, the California court entered a stipulated order increasing Jorge's support obligation to $900 per month. The increased child support payments became effective December 1.

Jorge worked for a university in California as a maintenance employee from 1979 until December 2002, at which time he relocated to Idaho. At the university, Jorge earned approximately $20 per hour and had a gross monthly income of $3543. Jorge had accumulated almost enough seniority to be eligible for early retirement benefits. In January 2003, Jorge secured employment in Idaho paying $7 per hour. In February, Jorge requested that the Idaho court register the California child support order and, in April, Jorge filed a petition to modify that order. Jorge alleged that a substantial and material change in circumstances had occurred because he had moved to Idaho and was earning less money. Ana, who resided in Texas, consented to Idaho's assumption of jurisdiction but alleged that no modification was warranted because Jorge was voluntarily underemployed. In September, Jorge began working as a mixer in a bakery, where he initially earned $8 per hour and was subsequently given a raise to $9 per hour.

In November 2003, a trial was held before the magistrate. Jorge testified that, while

working for the university, his primary responsibility was changing light bulbs and fluorescent lights. Jorge indicated that he had no education beyond high school and did not have any vocational training. Jorge testified that he and his current wife decided to move to Idaho prior to the entry of the California order obligating him to pay $900 per month in child support and that he did not move to Idaho in an attempt to reduce his child support obligation. Jorge admitted that he did not find a job prior to moving to Idaho and that he obtained his first Idaho job one month after coming to this state. Jorge also testified that he anticipated receiving a raise at the bakery to $11 or $12 per hour in the next couple of months and that he had tried to earn as much money as possible since his move.

The magistrate found that Jorge's testimony regarding the reasons for his move to Idaho was not credible and that Jorge's sole motive for moving was to circumvent the increase in his child support obligation. The magistrate therefore concluded that Jorge was voluntarily underemployed. The magistrate determined that Jorge's potential income was the amount he had been earning in California, $3543 per month, and ordered that Jorge pay the sum of $799 per month in child support pursuant to the Idaho Child Support Guidelines. Jorge appealed to the district court, which affirmed the decision of the magistrate.[1] Jorge again appeals.

## II.

## ANALYSIS

Jorge argues that the magistrate abused its discretion by determining that he was voluntarily underemployed. Jorge also contends that imputing the income he earned in California as his potential income in Idaho was an abuse of discretion and violated his constitutional right to travel.

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate de-

cision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). The trial court's findings of fact will be upheld if they are supported by substantial competent evidence. *Pace v. Pace,* 135 Idaho 749, 750–51, 24 P.3d 66, 67–68 (Ct.App.2001). Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler,* 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989).

■ A magistrate's decision to modify child support is reviewed for an abuse of discretion. *Margairaz v. Siegel,* 137 Idaho 556, 558, 50 P.3d 1051, 1053 (Ct.App.2002); *Pace,* 135 Idaho at 751, 24 P.3d at 68. A support award will not be disturbed on appeal absent a manifest abuse of discretion. *Noble v. Fisher,* 126 Idaho 885, 888, 894 P.2d 118, 121 (1995); *Pace,* 135 Idaho at 751, 24 P.3d at 68; *Atkinson v. Atkinson,* 124 Idaho 23, 25, 855 P.2d 484, 486 (Ct.App.1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). We will find an abuse of discretion if the magistrate failed to consider the relevant factual circumstances or if the evidence does not support the magistrate's findings. *Margairaz,* 137 Idaho at 558, 50 P.3d at 1053.

■ An order of child support may be modified only upon a showing of a substantial and material change of circumstances. I.C. § 32–709. Once a trial court determines there was a material and substantial change of circumstances warranting modification, it must determine the appropriate change in the amount of child support. *Rohr v. Rohr,* 128 Idaho 137, 142, 911 P.2d 133, 138 (1996).

---

1. Ana did not contest the reduction in child support from $900 to $799 per month, which was the result of differences between the Idaho guidelines and those of California.

In an action to modify child support, the party seeking the modification carries the burden of proof. *Humberger v. Humberger,* 134 Idaho 39, 43, 995 P.2d 809, 813 (2000); *Pace,* 135 Idaho at 752, 24 P.3d at 69. In the instant matter, neither party contests the magistrate's finding that a reduction in Ana's income and her consent to Idaho's jurisdiction constituted a substantial and material change in circumstances. Thus, the only issue before us is whether the magistrate abused its discretion in determining the appropriate modification of Jorge's child support obligation.

## A. Voluntary Underemployment

■ Jorge contends that the magistrate's determination of the appropriate modification was erroneous because he was not voluntarily underemployed and his child support obligation should not have been based on potential income. The magistrate's decision was an application of Section 6(c)(1) of the Idaho Child Support Guidelines (I.C.S.G.),[2] which indicates, in pertinent part:

> If a parent is voluntarily unemployed or underemployed, child support shall be based on gross potential income ... A parent shall not be deemed underemployed if gainfully employed on a full-time basis at the same or similar occupation in which he/she was employed for more than six months before the filing of the action or separation of the parties, whichever occurs first.

Jorge asserts that the magistrate could not deem him underemployed because he had been consistently employed on a full-time basis at a similar occupation since 1979. Jorge acknowledges that a gap of one month existed in his employment during the six months prior to filing his petition for modification. However, Jorge asserts that the phrase "filing of the action" in Section 6(c)(1) refers only to the filing of the original action for divorce and, thus, the magistrate erred in looking to the six months prior to the date Jorge filed his petition for modification in determining whether he was underemployed. Jorge also contends that, notwithstanding the differences in pay, his California job and his Idaho jobs were both in the field of "unskilled labor." Jorge argues that, therefore, he was employed in a similar occupation for six months prior to filing for divorce and that the magistrate erred in finding that he was voluntarily underemployed.

We conclude that, regardless of whether "filing of the action" refers to the filing of the divorce action or filing the petition for modification, Jorge has failed to demonstrate that the magistrate abused its discretion by determining he was voluntarily underemployed. Jorge's decision to leave a well-paying job where he had earned significant seniority coincided with the scheduled increase in his child support obligation. Jorge testified that he was not fired or forced to leave his job in California. Thus, the magistrate's findings that Jorge's explanation for moving to Idaho was not credible and that his sole purpose for moving was to circumvent the increase in his child support obligation were supported by substantial and competent evidence. Additionally, in California, Jorge had more than two decades of seniority and worked as an assistant supervisor for three years. In contrast, Jorge's employment in Idaho was entry level and his income was less than half of what he earned in California. The magistrate did not abuse its discretion by failing to treat all employment in the field of unskilled labor as necessarily comparable and finding that Jorge's California and Idaho employments were not similar occupations.

■ Jorge also asserts that the magistrate violated the terms of the I.C.S.G. by determining his potential income solely through consideration of his work history in California and by failing to utilize earning levels and job opportunities for unskilled labors in the Idaho, where Jorge now resides. Section 6(c)(1)(A) of the I.C.S.G. provides:

> Determination of potential income shall be made according to any or all of the following methods, as appropriate:
>
> (A) Determine employment potential and probable earnings level based on the parent's work history, occupational qualifications, and prevailing job opportunities and earnings levels in the community.

2. Idaho Rule of Civil Procedure 6(c)(6) provides for the adoption of the I.C.S.G.

Whether one factor for determining a parent's potential income is more significant than the others depends on the facts of the case. *See Margairaz,* 137 Idaho at 559, 50 P.3d at 1054. In *Margairaz,* the parent had a well-established history of traveling to carry out his profession and, thus, the parent's work history and occupational qualifications were the more significant factors in that case. *Id.* This Court therefore concluded that the magistrate's consideration of potential earnings, which the parent could earn outside of the area that he lived in, did not violate the I.C.S.G. *Id.*

Ordinarily, prevailing job opportunities and earnings levels in a parent's community are important factors for a magistrate's consideration. Here, however, the magistrate had to weigh the factors enumerated in Section 6(c)(1)(A) with the Section 6(c)(1) prohibition against allowing child support to be based only on a parent's earnings when that parent is voluntarily underemployed. The magistrate concluded Jorge no longer earned $3563 a month because he moved to Idaho in an attempt to force a reduction in his child support obligation. As in *Margairaz,* it was within the magistrate's discretion to determine which of the I.C.S.G. factors were appropriately considered based on the particular circumstances of the case. Moreover, it is essential that a parent's bad faith conduct in relocating to Idaho with the primary purpose of decreasing his or her child support obligation not be rewarded through rote application of the I.C.S.G. We will not interpret the I.C.S.G. in a manner that would encourage parental abuse of the system. Therefore, in determining which of the factors found Section 6(c)(1)(A) of the I.C.S.G. were more significant, it was permissible for the magistrate to consider that Jorge's underemployment was the result of an improper motive. We cannot say that the magistrate abused its discretion in finding that Jorge's work history was the central factor in this case.

The evidence supported the magistrate's finding that Jorge was voluntarily underemployed. Further, in determining Jorge's potential income, the magistrate considered the relevant factual circumstances and reached a decision consistent with the I.C.S.G. Accordingly, Jorge has failed to demonstrate that the magistrate abused its discretion in determining the appropriate amount of his child support obligation.

## B. Right to Travel

Jorge contends that by basing his child support obligation on a salary that is impossible for him to earn in Idaho, the magistrate's order effectively forces him to return to California and, thus, infringes on his constitutional right to travel. It is well settled that the United States Constitution protects the right of a citizen to travel from one state to another and to take up residence in the state of his or her choice. *Jones v. Helms,* 452 U.S. 412, 417–18, 101 S.Ct. 2434, 2439, 69 L.Ed.2d 118, 124–25 (1981). A classification that infringes on the constitutional right to travel is invalid unless shown to be necessary to promote a compelling government interest. *Ziegler v. Ziegler,* 107 Idaho 527, 534, 691 P.2d 773, 780 (Ct.App.1985).

In virtually every case of divorce involving young children, those children are innocent victims. *Id.* There is no dispute that the best interest of the children dictates that they should have the love, support, guidance, and companionship of both their parents. *Id.* In divorce and custody situations, the courts are responsible for taking appropriate action to foster and promote the children's best interest when it appears that the parents are not going to cooperate in attaining that goal. *Id.* Therefore, providing and assuring the maximum opportunities for parental love, guidance, support, and companionship is a compelling state interest that warrants reasonable interference with the constitutional right to travel when necessary. *Id.*

In *Ziegler,* this Court considered whether a court order limiting the residency of the parties' children to a 100–mile radius of the parents' home was necessary to promote a compelling interest. In rejecting the parent's argument that the residence restriction was overly broad, this Court noted that the trial court's order did not restrict the parent's right to travel or change residence. *Id.* at 535, 691 P.2d at 781. Instead, the trial court ordered that prior court approval was

needed before the children's residence could be changed beyond the specified distance. The travel restriction was based upon a compelling state interest that justified interference with the constitutional right to travel and by its terms was not arbitrary, capricious, or unduly restrictive. *Id.*

In this case, the magistrate did not restrict Jorge's ability to change residences but, rather, considered Jorge's prior out-of-state income in determining his child support obligation. Jorge nevertheless urges that, by concluding his potential income was equal to what he earned in another state, the magistrate's order had the effect of penalizing Jorge for exercising his right to travel. The I.C.S.G. were intended to produce an equitable and uniform approach to establishing child support payments and, thus, they function to meet the compelling state interest of ensuring that children receive the financial support of both parents. Evidence supported the magistrate's finding that Jorge left California to avoid paying the increased child support payment. Accordingly, it was the magistrate's responsibility to take appropriate action, through application of the I.C.S.G., to ensure that Jorge continued to adequately support his children.

We conclude that, to the extent the magistrate's order imputing Jorge's former California income as his potential income in Idaho could be viewed to restrict his right to travel, such restriction was warranted to ensure the adequate ongoing support of his children. Accordingly, Jorge's constitutional right to travel was not violated in this case.

### III.

### CONCLUSION

The magistrate did not abuse its discretion in concluding that Jorge was voluntarily underemployed or that his potential income was equal to his former California income. Further, the magistrate's determination of Jorge's child support obligation did not infringe on his right to travel. Therefore, the district court's decision affirming the order of the magistrate modifying the decree of divorce is affirmed. No attorney fees are awarded. However, as the prevailing party, Ana is entitled to costs on appeal pursuant to I.A.R. 40.

Judge LANSING and Judge Pro Tem SCHWARTZMAN concur.