**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48829**

| | |
|---|---|
| JULIE LYNN NELSON, aka JULIE LYNN SNOWBALL, | ) )  **Filed:  July 28, 2022** |
| Petitioner-Respondent, | ) )  **Melanie Gagnepain, Clerk** |
| v. | ) )  **THIS IS AN UNPUBLISHED** |
| MARK CASEY SNOWBALL, | )  **OPINION AND SHALL NOT** )  **BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) ) ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, Senior District Judge.  Hon. Diane M. Walker, Magistrate.

Intermediate appellate court decision affirming the magistrate court's dismissal of petition to modify child custody, <u>affirmed</u>.

Mark Casey Snowball, Idaho City, pro se appellant.

Ludwig, Miller, Johnson, Schoufler, LLP; Bret Schoufler, Boise, for respondent.

_____

GRATTON, Judge

Mark Casey Snowball appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming the judgment dismissing his petition to modify child custody.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Snowball and Julie Nelson were divorced on September 10, 2019.  Nelson was awarded sole legal and sole physical custody of the child.  Snowball was provided supervised visitation at Nelson's discretion.  Snowball filed an appeal, but conceded that he filed six days past the forty-two day deadline.

Snowball filed multiple motions from October 2019 to January 2020, one of which was a petition to modify custody, visitation, and child support.  Snowball reported that since the divorce he had acquired stable residence, was awarded disability that directly pays child support to Nelson,

1

is receiving treatment, and volunteers part-time at local businesses. Snowball contended supervised visitation was no longer necessary and requested joint legal custody with unsupervised visitation for Snowball every weekend. In response, Nelson filed a motion to dismiss or, in the alternative, motion for summary judgment regarding custody and visitation.

The magistrate court scheduled a trial regarding who would be an appropriate supervisor for Snowball's supervised visitation with the child.[1]

During the trial, Snowball proffered testimony from Nelson, a collateral witness, and himself. He also provided documentary evidence. At the conclusion of Snowball's case-in-chief, Nelson renewed her motion to dismiss, arguing that Snowball had failed to meet his prima facie case demonstrating a substantial and material change in circumstances since the entry of the last order, and that Snowball's requested changes were not in the child's best interests. The magistrate court heard argument on the motion and took the matter under advisement.

The magistrate court subsequently entered its written findings of fact, conclusions of law and judgment dismissing Snowball's petition to modify custody. The magistrate court found Snowball had failed to demonstrate that a material and substantial change of circumstance had occurred since the last custodial order and/or that a change would be in the child's best interests:

> During the months that have past [sic] since their divorce, [Snowball] has obtained an award from social security which verifies he has a personality disorder. His personality disorder may help explain why there have been conflicts with the supervisors. Conflicts with the only two agencies in this area to provide supervision do not create a substantial material change of circumstances. Moreover, [Snowball's] living conditions are not stable as he had recently been evicted. [Nelson] is still willing to offer supervised visits. There has been no evidence that anything [Nelson] has done has caused problem[s] with either Kids Services or Child Advocacy Services in Nampa.

---

[1] The evidentiary hearing was limited to supervised visitation based upon Snowball's concessions during the motion to dismiss hearing:

> I think that supervised visitation is warranted. I do not object to supervised visitation. It's quite obvious and apparent to me that it is not in the best interest of the child to have a 50/50 custody agreement but I do think that the child would benefit from contact with the biological parent.

Based upon further discussion with Snowball, the magistrate court limited the trial to a narrow issue:

> I am going to let it go to trial on a very narrow issue, and the issue is supervision. Is Kids Services, the things they're requiring is that an appropriate requirement, are they an appropriate supervisor or who do we use for a supervisor. Or alternatively what do we do if there is no supervision available.

The evidence supports continuing with supervised visits between [Snowball] and [the child]. Allowing [Nelson] the discretion to determine when, where, and under what terms the supervision should occur is appropriate.

After numerous motions, Snowball appealed to the district court. The district court affirmed, agreeing that Snowball failed to show a substantial and material change. Additionally, the district court found Snowball failed to prove his allegation of gender bias or an implicit termination of parental rights. The district court granted Nelson attorney fees and costs. Snowball timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id.* Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

An existing order or decree of child support may be modified only upon a showing of a substantial and material change of circumstances. I.C. § 32-709(1). Therefore, a motion to modify child support must state a substantial and material change in the moving party's circumstances since the last order affecting support obligations. *Kornfield v. Kornfield*, 134 Idaho 383, 385, 3 P.3d 61, 63 (Ct. App. 2000). In an action to modify child support, the party seeking the modification carries the burden of proof. *Humberger v. Humberger*, 134 Idaho 39, 43, 995 P.2d 809, 813 (2000); *Pace v. Pace*, 135 Idaho 749, 752, 24 P.3d 66, 69 (Ct. App. 2001).

Modification of child support on the ground of material change in circumstances is within the sound discretion of the trial court and will not be altered on appeal unless there is a manifest abuse of discretion. *Ireland v. Ireland*, 123 Idaho 955, 959, 855 P.2d 40, 44 (1993); *Margairaz v. Siegel*, 137 Idaho 556, 558, 50 P.3d 1051, 1053 (Ct. App. 2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the

3

specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The party seeking custody modification has the burden of justifying a request for a change in custody. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). In determining whether to grant a custody modification, "the paramount concern is the best interest of the child." *Id.*

## III.

## ANALYSIS

To begin, this Court must first identify what issues are appropriately on appeal. Under Idaho Rule of Civil Procedure 83(m), a district court lacks jurisdiction over a petition for judicial review if the petitioner fails to file the petition within the applicable deadline. If a district court lacks jurisdiction, so too does the reviewing appellate court. *Erickson v. Idaho Bd. of Registration of Prof'l Eng'rs & Prof'l Land Surveyors*, 146 Idaho 852, 854, 203 P.3d 1251, 1253 (2009) (superseded by statute on other grounds).

Here, Snowball conceded that he filed his appeal of the divorce decree six days late. Consequently, the district court lacked jurisdiction to review the decree and in turn, no Idaho court has jurisdiction over that final judgment. However, Snowball insists this Court should apply equitable tolling in the best interests of the child to disregard the untimely appeal and address his challenges to the divorce decree. Equitable tolling is not an exception to an untimely appeal of a divorce decree and Snowball failed to provide any authority to support his argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). As such, to the extent this Court comments upon the original divorce decree, it shall not be interpreted as a review of that judgment because it is not subject to review on appeal.[2]

There are more procedural issues with Snowball's appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). In addition, we will not consider an issue not supported by argument and authority in the opening brief. *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with

---

[2]    Snowball also includes arguments regarding the propriety and effect of a civil protection order entered in a separate matter. That judgment is also not directly reviewable in this appeal.

4

respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

In summary, the following list of issues, including sub-arguments made thereunder, will not be addressed because they are either untimely, unpreserved, or waived:

- The magistrate court erred by improperly delegating Snowball's visitation rights to Nelson's discretion in the original divorce decree, which violates the constitutional guarantee of parental rights, the legislative intent of Idaho Code § 32-1010-13, and I.C. § 18-4506. Furthermore, Snowball argues it created an implied termination of his parental rights.
- The use of the legal standard preponderance of the evidence during the divorce trial was error because Snowball's parental rights were implicitly terminated, which requires a standard of clear and convincing evidence.
- The magistrate court erred because there was not substantial and competent evidence to support ordering supervised visitation in the original divorce decree.
- The magistrate court erred by failing to designate a supervising provider under Idaho Rules of Family Law Procedure 1003(E).
- The magistrate court failed to abide by the joint custody presumption under I.C. § 32-717b.
- The magistrate court failed to enter findings of facts and conclusions of law, which are required to terminate one's parental rights. Snowball argues his parental rights were implicitly terminated.
- The magistrate court erred by admitting inadmissible evidence during the divorce proceedings.
- The magistrate court erred when it required supervision because the court knew Snowball could not afford private supervision services and should have involved the Department of Health and Welfare to provide supervision services.
- Nelson interfered with child custody prior to the divorce proceedings to create a more favorable outcome for her custody of the child.
- The magistrate court abused its discretion when it denied Snowball's motion to continue the divorce trial because the court was aware that Snowball was out of state pursuing gainful employment.
- Snowball was denied due process through lack of notice and opportunity to be heard because he was homeless, did not receive mail, and was unable to prepare for trial.
- Nelson made false allegations to acquire a civil protection order and in turn used the order to cause parental alienation.
- The re-issuance of the civil protection order was without lawful basis because the magistrate court failed to find Snowball was a habitual perpetrator of domestic violence.
- The civil protection order process is easily abused and must be addressed.

- Nelson illegally evicted Snowball, which caused collateral consequences that affected custody.
- Snowball's parental rights were implicitly terminated by the continuous denials of his post-judgment motions, none of which have found clear and convincing evidence to do so or provided him due process.
- Nelson made false statements before the tribunal and her counsel knew her testimony was false.
- Nelson's counsel made false statements.
- The magistrate court erred by denying Snowball's motion for contempt which requested the magistrate court identify a supervising provider.
- The magistrate court erred by failing to advise Snowball of his right to provide evidence and information regarding the manner in which the use of adaptive equipment or supportive services will enable the parent to carry out the responsibilities of parenting the child pursuant to I.C. § 32-717.
- The magistrate court abused its discretion when it failed to provide supportive services to Snowball after knowing about his legitimate disability.

We now address the issues properly before this Court. In Idaho, the courts retain jurisdiction over minor children in divorce and custody proceedings until they reach the age of majority. *McGriff v. McGriff*, 140 Idaho 642, 646, 99 P.3d 111, 115 (2004). Thus, a petition for modification can be filed at any time during the age of minority and the district court and this Court have appellate jurisdiction as long as the appellate rules are followed. I.R.C.P. 83(b)(1)(A); I.A.R. 14(a). Snowball has properly appealed the following issues: (1) the magistrate court erred by not finding a substantial and material change; (2) the magistrate court erred by not identifying a supervisor for visitation; (3) the magistrate court violated the equal protection clause; (4) Snowball was denied a fair trial when he could not afford proper witnesses and counsel was not provided to him, and; (5) the district court erred by ordering attorney fees. Each issue will be addressed below.

## A.     Substantial and Material Change

Snowball argues the magistrate court abused its discretion when it denied his petition to modify child custody. Modification of child custody may be ordered only when there has been a material, substantial and permanent change of circumstances indicating to the magistrate court's satisfaction that a modification would be in the best interests of the child. *Woods v. Woods*, 163 Idaho 904, 906, 422 P.3d 1110, 1112 (2018). Whether the change of circumstances is substantial and material depends upon the impact of the change upon the child not whether the circumstance on its own has been greatly altered. *Evans v. Sayler*, 151 Idaho 223, 226, 254 P.3d 1219, 1222 (2011). Idaho Code § 32-717 gives a judge wide discretion regarding custody decisions, subject

6

to some restrictions, with the children's best interests being of paramount importance. Snowball argues that there was not substantial and competent evidence to deny the petition; however, that argument places the burden on the wrong party. The party seeking custody modification has the burden of justifying a request for a change in custody and that requires showing a substantial and material change. *Brownson*, 134 Idaho at 63, 995 P.2d at 833. Therefore, it was Snowball's burden to prove a material change in circumstances.

Snowball argues that his circumstances are substantially and materially different from the time of the divorce decree for multiple reasons. First, after the divorce decree was entered, Snowball was officially diagnosed and approved for social security and acquired some volunteer work. Second, during the divorce, Snowball was working out of state, but he has now settled in Idaho and acquired a stable residence. Lastly, Snowball argues there has been a change in circumstance because the supervision agencies Nelson provided are no longer available and not appropriate locations for visitation. The district court was correct to affirm the magistrate court's determination that Snowball failed to prove a substantial and material change warranting modification of visitation.

The magistrate court had substantial evidence to support its findings. The magistrate court found that Snowball qualified for disability and began receiving social security benefits in December 2019. Neither party is challenging this finding.

The magistrate court found Snowball did not have a stable residence despite his claim that he had acquired housing. This was based upon Snowball's own testimony that he had recently been evicted from his residence.

The magistrate court found that visitation between Snowball and the child originally began at Kid Services but after a disagreement between Snowball and Kid Services arose, Nelson identified a second agency, Child Advocacy Services; it was unclear to the magistrate court, based on the evidence properly presented, why visits were not happening at this location. The magistrate court also found that any conflict with the local agencies was not caused by Nelson and instead arose from Snowball's own conduct. The evidence supports the magistrate court's finding that conflict with the local agencies was caused by Snowball:

> Q:      You argued multiple times with the supervisor about their policies and procedures, didn't you?
> A:      No, I did not, because she would not allow me an opportunity to speak.

Q: Do you recall the supervisor writing in their notes that you were very confrontational?

A: Yes, I recall that.

Q: Do you recall the supervisor writing in their notes that you will not stop arguing and want to discuss the rules? Do you recall that?

A: I recall that, yes.

The magistrate court found the evidence supported continuing with supervised visitation. Snowball challenges this finding because Nelson testified she did not believe Snowball was a threat to their child. However, as with most of his assertions, Snowball does not cite to the record where this testimony can be found. Furthermore, Nelson testified as to why she believed supervised visitation was necessary: "I feel that [Snowball doesn't] have the patience or compassion it takes to deal with a screaming or crying child, temper tantrums, and [Snowball has] not been able to follow rules very well." As further evidence of Snowball's inability to follow rules, Snowball testified he violated a court order and felt the court should excuse that behavior because of his intentions. Snowball's testimony demonstrates a lack of accountability.

Most notably, during the hearing on Nelson's motion to dismiss, Snowball made it clear he was not challenging the supervision requirement when he stated:

> I think that supervised visitation is warranted. I do not object to supervised visitation. It's quite obvious and apparent to me that it is not in the best interest of the child to have a 50/50 custody agreement but I do think that the child would benefit from contact with the biological parent, being me, as I taught her her first words, I was her caretaker for the first four to five months of her life.

Although this was not evidence presented at trial to the magistrate court, it does show that, at one point, Snowball agreed supervised visitation was warranted. Overall, there was substantial and competent evidence to support the magistrate court's findings.

Snowball failed to prove a substantial and material change to his circumstances warranting a change in visitation. Since the original decree of divorce, Snowball began receiving social security benefits[3] but Snowball remained without stable housing, refused to comply with agency protocol for visitation, and supervised visitation remained necessary.

---

[3] Child support was modified due to Snowball's change in income; however, Snowball failed to explain how receiving social security is relevant to his visitation schedule.

Snowball's strongest contention is that the visitation facilities are misapplying I.R.F.L.P. 1003(o)[4] and he should not be subject to those requirements. No matter how adamantly Snowball insists the facilities are misapplying I.R.F.L.P. 1003(o), it remains the facilities' prerogatives to dictate their standards and expectations. If Snowball refuses to comply, that is not Nelson's fault and does not rise to the level of a substantial and material change in circumstance.

Additionally, Snowball failed to articulate how any of these alleged changes necessitated modification of child custody for the best interests of the child, which remains the primary consideration for modification purposes. In his reply brief, Snowball states: "This Court must take on the burden of explaining where [Snowball's] daughter's best-interests are, because they are not in focus by the current elimination of [Snowball] from the child's life for a substantial period of time . . . ." It is Snowball's burden to prove a substantial and material change in circumstances that indicate a modification would be in the best interests of the child. *Brownson*, 134 Idaho at 63, 995 P.2d at 833. Instead, Snowball makes conclusory statements and attempts to impose the burden on this Court. Snowball has not met *his* burden because he failed to articulate how each change he alleged would affect the best interests of his child. As a result, the magistrate court did not err when it determined there was no substantial and material change that would indicate a modification was necessary and the district court, therefore, did not err in affirming this determination.

## B.    Supervision Provider

Next, Snowball contends the magistrate court erred by not identifying a supervision provider under I.R.F.L.P. 1003(e). Even though I.R.F.L.P. 1003(e) states the magistrate court will identify the provider when a court orders supervised visitation that issue is not properly before us because Snowball failed to timely appeal the divorce decree. Nonetheless, Snowball has not shown an error that affects his substantial rights because it appears from the record that all local supervision facilities have been utilized. As determined above, the lack of supervised visitation is not due to an error by the magistrate court, but instead due to Snowball's noncompliance.

Snowball insists that he is willing to comply with facility protocol but they are incorrectly applying I.R.F.L.P. 1003(o) to him. As discussed above, even if the facility is not legally required to apply I.R.F.L.P. 1003(o) to Snowball's visitation, it remains the facility's prerogative to conduct

---

[4]    Snowball uses the old citation Idaho Rule of Family Law Procedure 717(O). As of July 2021, the new I.R.F.L.P. came into effect and I.R.F.L.P 717 became I.R.F.L.P 1003.

9

visitations as it deems fit, even if that includes applying I.R.F.L.P. 1003(o). Therefore, it is inapposite that Snowball believes I.R.F.L.P. 1003(o) does not apply to him; he must comply with facility requirements if he is to access the facility's services.

Lastly, Snowball argues the magistrate court should have ordered that I.R.F.L.P. 1003(o) does not apply to his case. Snowball fails to cite to the record or show that he ever moved the magistrate court to consider such an order. Therefore, Snowball has failed to show error in this regard.

## C. Gender and Disability Bias

Snowball argues the magistrate court violated the equal protection clause. Snowball argues he perceived a level of gender bias by and through the acts of female parties. He alleges evidence of this bias is preferential treatment in favor of Nelson. Snowball also alleges a general bias against him due to his disability.

Snowball fails to provide authority, cite to the record, or offer a cogent argument to support his allegation of gender or disability bias. The sole evidence Snowball points to is that the magistrate court allowed Nelson to admit hearsay evidence during the divorce trial, but denied Snowball the ability to admit hearsay evidence during the petition to modify hearing. This is easily explained. Snowball was not present at the divorce proceedings to object to evidence. Conversely, Nelson requested strict compliance with the Idaho Rules of Evidence during the petition to modify trial and was present to make objections. The magistrate court did not err in refusing to admit Snowball's proffered hearsay evidence. Therefore, the discrepancy is not evidence of bias. Any other allegations Snowball has made are conclusory and without citations to the record or supporting authority. Snowball has failed to prove bias or unequal treatment during the proceedings.

## D. Trial Errors

Snowball argues his right to counsel was denied because the magistrate court should have appointed counsel upon notice of his disabilities. Snowball also argues error during trial because he was unable to pay for certain witnesses to be present. For both these issues, Snowball failed to provide any legal authority. Without supporting legal authority, the issues are waived. Most importantly, these issues were not raised on intermediate appeal to the district court. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues

10

that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). Accordingly, we will not address this issue further.

**E.    Attorney Fees**

Snowball argues the district court abused its discretion when it granted Nelson attorney fees and costs. Snowball argues the fees are unreasonable and inequitable. The district court correctly perceived that attorney fees were one of discretion and acted within the boundaries of its discretion. The district court correctly identified that I.C. § 12-121 and Idaho Appellate Rule 41 applied to Nelson's request for attorney fees and then clearly articulated why the district court was granting attorney fees in this case. It was reasonable for the district court to conclude that Snowball was inappropriately appealing judgments that were untimely, making incomprehensible arguments without supporting authority, and frivolously requesting the district court to second-guess the magistrate court's fact-finding. Therefore, the district court did not abuse its discretion when it granted attorney fees and costs to Nelson.

We address Nelson's request on appeal for costs under I.A.R. 41 and for attorney fees under I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation.

Nelson argues Snowball did no more than second-guess the trial court on conflicting evidence and in addition, the law governing the issues, both procedural and substantive, is well-settled. Snowball asks this Court to deny attorney fees since he is making an effort to advocate for a relationship with his child, suggesting his appeal is not frivolous, unreasonable, or without foundation.

We agree with Nelson. Snowball spent the majority of his briefing challenging orders and judgments that are not properly before this Court. Snowball asked this Court to second-guess the magistrate court's discretion when handling conflicting evidence. Moreover, Snowball failed to raise a legitimate question of law or provide sufficient authority for the majority of the arguments he made. Thus, Nelson is entitled to attorney fees on appeal.

## IV.

## CONCLUSION

The district court did not err by affirming the magistrate court's judgment dismissing Snowball's petition for modification of child custody and by awarding Nelson attorney fees and

costs.  Accordingly, we affirm the district court's intermediary decision on appeal affirming the magistrate court's final judgment.  Nelson is awarded costs and attorney fees on appeal.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.