878 P.2d 175

**Teresa Ann ROHR, nka Teresa Ann Lenhart, Plaintiff–Appellant,**

v.

**William Michael ROHR, Defendant–Respondent.**

No. 20067.

Court of Appeals of Idaho.

April 1, 1994.

Rehearing Denied May 17, 1994.

Petition for Review Denied Aug. 23, 1994.

John B. Kugler, Pocatello, argued, for appellant.

Dial, Looze & May, Pocatello, for respondent. Gregory C. May, argued.

LANSING, Judge.

This is a child support modification proceeding. Appellant Teresa (Rohr) Lenhart sought to modify the child support provisions of the parties' 1986 divorce decree. Her petition for modification was initially dismissed, but that dismissal was reversed on appeal. On remand, the magistrate modified the divorce decree prospectively, increasing the child support to be paid by William Rohr, effective as of April 1, 1991. Teresa appeals, asserting that the magistrate erred in not making the modification effective retroactively from the date of her petition for modification in 1987. Because we find a portion of the magistrate's findings to be unsupported by substantial and competent evidence, we vacate the magistrate's order and remand this case for reconsideration of the magistrate's findings and conclusions.

## I. FACTS

The factual and procedural history of this case is set forth in the opinions of this Court and the Idaho Supreme Court on the prior appeals, *Rohr v. Rohr*, 118 Idaho 689, 800 P.2d 85 (1990) and *Rohr v. Rohr*, 118 Idaho 698, 800 P.2d 94 (Ct.App.1989). Therefore, we will give only a brief description here.

Teresa and William Rohr divorced in July 1986. Their daughter, Shambray, was then six years old. Teresa was granted primary physical custody of Shambray. The divorce decree ordered that William pay $190 per month in child support. William filed a petition to modify the decree in February 1987. Teresa responded, moved to have William held in contempt for failure to pay all child support due, and eventually cross-petitioned for a modification of the child support provision of the divorce decree. The magistrate found that William was not delinquent in his payments and therefore denied Teresa's motion for contempt. Both parties' petitions for modification of the decree were dismissed, and Teresa appealed. The Supreme Court affirmed the magistrate's order denying Teresa's contempt motion, but reversed the

dismissal of her petition for a modification of the child support provisions of the decree. The case was remanded to the magistrate for consideration of the merits of Teresa's petition.

Following a trial in April 1991, the magistrate found that a substantial and material change of circumstances occurred in the year 1991 when Shambray became a pre-teen. The magistrate determined that in the future, Shambray's needs would be greater. That increased need, coupled with both parents' increased ability to pay, was found to merit a change in the decree. The magistrate modified the decree as of April 1, 1991, requiring William to pay $384 per month for child support from that date forward. The magistrate further concluded that between the years 1986 and 1991 there had been no substantial and material change of circumstances warranting a retroactive modification of the divorce decree. Teresa appeals the modification decree, arguing that the magistrate should have increased the rate of child support retroactively from July 1987, the date of Teresa's petition for modification.

## II. STANDARD OF REVIEW

A person seeking modification of a divorce decree provision for child support must show a substantial and material change of circumstances occurring after the last order affecting the support obligation. I.C. § 32-709. When presented with such a request, the trial court must first determine whether a substantial, material change of circumstances has occurred warranting a modification. If a modification is found to be justified, the trial court must then determine the amount of the modification, considering all relevant factors, especially those enumerated in I.C. § 32-706. *Howard v. Mecham,* 117 Idaho 542, 543, 789 P.2d 538, 539 (Ct. App.1990). The burden of proof is upon the party seeking the modification. *Id.*

The decision to modify an award of support for a minor child is committed to the sound discretion of the trial court. Absent an abuse of that discretion, such a decision will not be set aside. *Yost v. Yost,* 112 Idaho 677, 680, 735 P.2d 988, 991 (1987); *Embree v. Embree,* 85 Idaho 443, 450, 380 P.2d 216, 221

(1963); *Fish v. Fish,* 67 Idaho 78, 84, 170 P.2d 802, 805 (1946). On appeal we are required to review the trial record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Lang v. Lang,* 109 Idaho 802, 804, 711 P.2d 1322, 1324 (Ct.App.1986); *Gardner v. Gardner,* 107 Idaho 660, 662, 691 P.2d 1275, 1277 (Ct.App.1984). If the findings are not supported by the evidence, an abuse of discretion has occurred. *Biggers v. Biggers,* 103 Idaho 550, 555, 650 P.2d 692, 697 (1982).

## III. DISCUSSION

Teresa takes issue with many of the findings of fact upon which the magistrate based his conclusion that there was no substantial change in circumstances that would call for a child support increase until 1991. Teresa challenges some findings as being unsupported by the evidence and also complains of the magistrate's omission to make certain other findings. We consider each of her challenges below.

### Changes in Husband's Earnings

The magistrate found that William's annual gross earnings from 1986, the year of the divorce, through 1990 were as follows:

| | |
|---|---|
| 1986 | $24,141 |
| 1987 | 28,493 |
| 1988 | 28,861 |
| 1989 | 32,337 |
| 1990 | 32,324 |

This finding is in conformity with the uncontroverted evidence presented at trial. However, the magistrate made further findings of fact that William's hourly salary had been frozen from 1986 through 1990 and that the increases in William's gross income were due to special jobs and overtime work. Teresa contends, and we agree, that these findings do not comport with the evidence.

William testified that he received an unspecified pay raise in November 1986, after the divorce decree, and that thereafter, apparently in January 1987, his hourly rate increased from $11.45 to $13.42. At that time he changed jobs from the production

department to the warehouse at his place of employment, and the warehouse work was paid at the higher rate. The evidence shows that the wage freeze to which the magistrate's finding refers was for the period of November 1987 to November 1990, not 1986 to 1990. Thus, the wage freeze did not take effect until after William had received at least two post-divorce wage increases. Consequently, the magistrate's findings that William's wages were frozen from 1986 through 1990 and that all increases in his gross income were due to special jobs and overtime are not supported by substantial and competent evidence.

Based upon these erroneous factual findings, the magistrate rendered a conclusion of law that:

> "Defendant's employment did not change, but due to overtime, his income increased from $24,141 to $28,493, an increase of $4,720 over the prior year or 19.55% ... This change in and of itself is not sufficient to justify a modification."[1]

Hence, the erroneous findings were central to the magistrate's decision that a substantial change of circumstances had not occurred in 1987. The magistrate's conclusion that this change in earnings was not sufficient to warrant a child support increase may have been influenced by a perception that income from overtime work and special projects is irregular, unpredictable and impermanent, unlike a fixed change in a wage rate. These erroneous findings of fact may have affected the magistrate's ultimate conclusion that there was no substantial and material change of circumstances that justified a modification of child support until April 1991. Therefore, because the magistrate misconstrued important evidence, the modification decree must be vacated and the case remanded for reconsideration by the magistrate.

### Dependency Deduction

■ Next, Teresa contends that the magistrate ought to have made a finding or conclusion to the effect that a ninety percent increase in the income tax deduction available to William for claiming Shambray as a dependent, caused by changes in tax law, was "a substantial increase." We decline to rule that such a conclusion is necessary. In evaluating requests for modification of child support, the issue is not whether any one factor, taken alone, has changed substantially, but rather, whether the parties' circumstances as a whole have changed substantially. It is not necessary for the magistrate to characterize the substantiality of the alteration in each item or component under consideration. With regard to the dependency deduction, the magistrate calculated that the actual benefit to William, in the form of tax relief, was $19.33 per month in 1987, and that this amount increased by $2.33 per month in 1989 and $1.87 per month in 1990. This is a factor to be considered by the magistrate on remand, along with all other factors, in redetermining whether the totality of changes in the parties' financial positions warranted a child support increase prior to April 1991.

### Union Steward Compensation

■ Teresa also asserts that the magistrate erroneously failed to make a finding addressing supplemental income that William received for service as a union steward. The evidence indicated that for such service William received twenty-five to thirty dollars per month as reimbursement for his union dues, which were deducted from his paycheck each month. While this reimbursement of union dues might properly be considered income because it offset what would otherwise be a monthly expense, it did not represent a change of condition occurring after the divorce. The evidence established that William's pre-divorce income also included the union steward compensation. Because this income was not a post-divorce increase in William's earnings, we find no prejudicial error in the magistrate's failure to address it in his findings and conclusions.

### Costs of Rearing Shambray

■ Next, Teresa contends that there was an erroneous finding regarding an admission by Teresa on cross-examination that her estimates of the monthly expenses attrib-

---

1. The magistrate incorrectly calculated that the difference between William's 1986 and 1987 gross earnings was $4,720. The actual difference is $4,352, an eighteen percent increase.

utable to Shambray were in error. The magistrate's finding stated that: "During cross-examination, [Teresa] admitted these were not correct and that the actual costs of raising Shambray were substantially less than represented by this schedule."

While it is true that Teresa did not admit that all of her cost estimates were substantially inflated, she did admit that her estimate of $400 per month for utilities, of which she attributed $98 dollars to Shambray, was "awfully high." In addition, questions were raised regarding the necessity of Teresa's payment of $22.20 per month for a health insurance policy on Shambray when William was maintaining health insurance for her as required by the original decree. Therefore, the magistrate's finding has support in the record although the evidence is conflicting. The magistrate's characterization of Teresa's admission though inexact, is not an error warranting reversal.

Teresa next asserts that the magistrate ought to have made a finding that Teresa had insufficient income to meet her own and Shambray's needs in 1987. Our review reveals that the magistrate did make a finding setting out Teresa's net monthly income for 1987 of $993.26 and her monthly expenses of $1,049.07. These figures show an income deficit in relation to expenses. This finding is supported by the evidence and adequately addresses the issue raised by Teresa regarding the sufficiency of her income.

Teresa also asserts the magistrate erred in failing to find specifically what Shambray's needs were in 1987. In actuality, however, the magistrate did address this point. He found that there was only a minimal increase in the cost of meeting Shambray's needs as a seven-year-old in 1987 compared to the cost at the time of divorce when she was a six-year-old. The magistrate also took judicial notice of an average inflation rate of 4.5 percent for each year from 1986 to 1991.

The magistrate did not, however, calculate or discuss the cumulative effect of that inflation over the four years between 1987 and 1991. On remand for reconsideration of the growth of William's wages, the magistrate may reexamine the significance of those earnings changes in relation to the rising cost of providing for the child, including the cumulative impact of inflation for the years between 1987 and 1991.

*Substantiality of Income Change as a Matter of Law*

■ Teresa next argues that the increase in William's income from 1986 to 1987 was, as a matter of law, a substantial and material change that dictates an increase in child support. She asks that we adopt a rule that a percentage increase in income of the amount involved here will require a child support adjustment. We are not persuaded that such a rule is appropriate.

In *Walborn v. Walborn,* 120 Idaho 494, 817 P.2d 160 (1991), the Idaho Supreme Court affirmed a magistrate's conclusion that an increase in the non-custodial mother's income—from zero in the year of the divorce to $25,000 two years later, coupled with a decrease in the father's income, was a substantial and material change of circumstances. In so doing the court affirmed a modification of the decree, which had initially made the husband solely responsible for the maintenance of the children. The modification required the wife to pay $250 per month. This decision recognizes that changes in the ability of the parties to pay child support under a divorce decree may, standing alone, constitute a substantial and material change of circumstances. It does not, however, establish a percentage level or any other standard defining how much is "substantial."

We note also that the Supreme Court, in adopting the Idaho Child Support Guidelines, I.R.C.P. 6(c)(6), under the authority of I.C. § 32–706A, had the opportunity to establish a rule defining a point at which an increase in income would be substantial per se. Neither the Supreme Court nor the Idaho legislature has elected to adopt such a standard.

Under Idaho decisional law, the determination of whether there has been a substantial and material change of circumstances necessitating a modification of child support has been left to the sound discretion of the trial court, taking into account the unique facts of each case. *Ireland v. Ireland,* 123 Idaho 955, 959, 855 P.2d 40, 44 (1993); *Levin v.*

*Levin,* 122 Idaho 583, 587, 836 P.2d 529, 533 (1992). We think this case-by-case approach continues to be appropriate. We decline to specify any level where, as a matter of law, an enhanced ability to pay becomes a substantial change of circumstances which will trigger an increased child support obligation.

*William's Compliance with Decree*

■ Finally, Teresa contends that the magistrate erred in failing to find that William had violated terms of the divorce decree regarding child support and life insurance.

She argues that the magistrate should have found William delinquent in his child support because of a withholding made in October 1986, of $33.22. This issue is raised improperly. The question of whether William was delinquent on any child support payments was litigated in the 1987 contempt proceedings and was resolved with finality by the Idaho Supreme Court on the prior appeal. *Rohr v. Rohr,* 118 Idaho at 691, 800 P.2d at 87. The "law of the case" principle precludes relitigation of that issue, *Capps v. Wood,* 117 Idaho 614, 618, 790 P.2d 395, 399 (Ct.App.1990), and we therefore will not address it here.

Teresa also complains of a conclusion by the magistrate that William has substantially complied with a term of the divorce decree requiring that he maintain a policy of insurance on his own life for the benefit of Shambray. After careful review of the record, we find no error in this conclusion.

## IV. COSTS AND ATTORNEY FEES

■ Teresa requests attorney fees and costs upon appeal. No statutory or contractual basis is asserted for this request. In the absence of any other identified ground for her claim, we assume that she requests a discretionary award of fees under I.C. § 12–121 and I.R.C.P. 54(e)(1). After reviewing the record we are not left with the abiding belief that William's response to this appeal has been frivolous or without basis in law or fact. Therefore, we decline to award attorney fees on appeal. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

## V. CONCLUSION

The order of the district court affirming the modified decree is reversed. The district court shall remand to the magistrate for entry of new findings of fact regarding increases in William's earnings and for reconsideration of the conclusions of law. We note that the magistrate whose decision is the subject of this appeal has subsequently retired. The new magistrate to whom this matter is assigned on remand may, in his or her discretion, base new findings and conclusions upon the existing record or may take additional evidence.

Costs on appeal to appellant pursuant to I.A.R. 40.

WALTERS, C.J., and PERRY, J., concur.