3 P.3d 61

Elizabeth KORNFIELD,
Plaintiff–Appellant,

v.

Lee M. KORNFIELD, Defendant–
Respondent.

No. 25416.

Court of Appeals of Idaho.

April 7, 2000.

Rehearing Denied May 31, 2000.

Sherer & Wynkoop, Meridian, for appellant.[1]

Bevis, Cameron & Johnson, Boise, for respondent.

SCHWARTZMAN, Judge.

Elizabeth Kornfield appeals from the district court's appellate decision affirming the magistrate's memorandum decision and order modifying an award of child support.

## I.

### FACTS AND PROCEDURE

Lee and Elizabeth Kornfield were divorced in the latter half of 1990 and have litigated almost continuously ever since. The Kornfields have four children—two who have reached majority, one who is fifteen and one who is nine. The two minor children are currently in an equal physical custody arrangement. As part of this continuing litigation, Lee filed a motion to modify child support in June of 1997 because of material and substantial changes in circumstances. The magistrate court received evidence and then issued its decision on December 18, 1997.

The magistrate found that material and substantial changes in circumstances were proven by Lee. The magistrate noted that prior divorce litigation and appeals brought by Elizabeth have been persistent and protracted, and that previous decisions have awarded over $11,000 in attorney fees against Elizabeth for pursuing frivolous litigation. The magistrate reviewed the complete divorce file since September of 1993 and found that over 95 percent of the pleadings and filings had come from Elizabeth. The court also found that Lee incurred $51,692 in legal fees over this same time period, which he paid from his income. This figure excluded prior awards of attorney fees to Lee.

The magistrate then reviewed the Idaho Child Support Guidelines (I.C.S.G.), I.R.C.P. 6(c)(6), and found that it could consider expenses as an income reduction "if such expenses impact the ability of an obligor to pay child support in a significant manner." The court determined that Lee's legal expenses incurred in defending himself from Elizabeth's constant litigation should be deducted from his income. Lee's income, for purposes of computing his child support obligation, was then reduced by $12,923 per year—from $163,288 to $150,365—based on the history of legal fees incurred by him since September of 1993.

The magistrate then addressed Elizabeth's potential income and found that she was trained as a registered nurse and had some post-graduate education. The court received testimony that such a person could earn approximately $17.05 per hour or $35,464 per year in the subject community. Elizabeth testified that she could not obtain work in her profession because she is overburdened

---

1. On February, 16, 2000, the date set for oral argument, this Court granted Mr. Sherer's motion to withdraw as appellate counsel of record. This appeal was thereafter decided on the briefs by order of the Court.

by the litigation against her ex-husband. Finding that Elizabeth was "so infatuated and consumed with litigation that she has voluntarily become insolvent," the magistrate found her to be voluntarily unemployed and accordingly imputed to her a potential income of $2,955 per month.

Finally, the magistrate addressed two other potential sources of income to Elizabeth: (1) the house she was living in at no cost because it was owned by her mother and (2) her current vehicle given to her by friends. The court decided that the definition of imputed income encompassed the benefit of a residence at no cost to a party. Based on the evidence presented, the court imputed additional income of $1,100 per month to Elizabeth for the house. The court also heard evidence that the 1990 Jeep Wagoneer given to Elizabeth by her friends was worth $6,175. The magistrate thereafter imputed income of $195 per month to Elizabeth—a reflection of the cost of purchasing a similar vehicle over three years at 9 percent interest. The child support payments were computed according to all of the above income adjustments.

Elizabeth thereafter appealed to the district court, which concluded that the magistrate's findings were supported by competent, albeit conflicting evidence. The district court held that the adjusting of Lee's income was an appropriate remedy considering Elizabeth's history of conduct and that the remedy took into account the reality of the funds available to Lee to satisfy his obligations. The court concluded that there was no abuse of discretion by the magistrate. Elizabeth now appeals to this Court.

## II.

### STANDARD OF REVIEW FOR AN ORDER TO MODIFY A CHILD SUPPORT AWARD

■ The decision of the trial court on a motion to modify child support is reviewed for an abuse of discretion on appeal. *Atkinson v. Atkinson,* 124 Idaho 23, 25, 855 P.2d 484, 486 (Ct.App.1993). As set forth in *Sun Valley Shopping Center Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000

(1991), this Court shall inquire to determine (1) whether the trial court correctly perceived this issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the applicable legal standards; and (3) whether the trial court reached its decision by an exercise of reason. However, any interpretation of the I.C.S.G. is a question of law and will be reviewed freely. *Robertson Supply, Inc. v. Nicholls,* 131 Idaho 99, 101, 952 P.2d 914, 916 (Ct.App.1998).

■ Where the district court has acted in an appellate capacity and a further appeal is taken, this Court independently reviews the complete record before the magistrate, but with due regard to the district court's decision. *Keeler v. Keeler,* 131 Idaho 442, 444, 958 P.2d 599, 601 (Ct.App.1998). Findings of fact made by the magistrate will not be set aside on appeal unless they are clearly erroneous. *Id.;* I.R.C.P. 52(a). Findings of fact supported by substantial and competent evidence are not clearly erroneous. *Id.; Holley v. Holley,* 128 Idaho 503, 507, 915 P.2d 733, 737 (Ct.App.1996). Where, as here, the trial court sat without a jury, an appellate court liberally construes the trial court's findings of fact in favor of the judgment entered. *Wilson v. Wilson,* 131 Idaho 533, 535, 960 P.2d 1262, 1264 (1998), *citing Ervin Constr. Co. v. Van Orden,* 125 Idaho 695, 699, 874 P.2d 506, 510 (1993).

## III.

### THE MAGISTRATE DID NOT ABUSE HIS DISCRETION WHEN HE IMPUTED INCOME TO ELIZABETH FOR HER POTENTIAL EMPLOYMENT AS A NURSE

■ Child support modification requests must state a substantial and material change in circumstances since the last order affecting support obligations. *Rohr v. Rohr,* 126 Idaho 1, 878 P.2d 175 (Ct.App.1994.) Once a court determines there have been material and substantial changes in circumstances, the court uses I.C. § 32–706 and the I.C.S.G. to calculate the amount of child support. *Rohr v. Rohr,* 128 Idaho 137, 142, 911 P.2d 133, 138 (1996). There has been no claim on appeal

that there were not material and substantial changes in circumstances since the last child support order. Therefore, our analysis focuses on applying the I.C.S.G. to the facts of the case.

Section 6(c) of the I.C.S.G. provides that "if a parent is voluntarily unemployed or underemployed, child support shall be based on gross potential income." The determination of potential income occurs by analyzing the parent's work history, occupational qualifications, the prevailing job opportunities in the community and the earnings levels in the community. I.C.S.G. § 6(c)(1)(A). Elizabeth is trained as a registered nurse and has a post-graduate education. Evidence was presented that Elizabeth could be earning $17.05 per hour or $35,464 per year in this community based on her qualifications. This evidence was not contradicted by Elizabeth and she has conceded this issue of fact on appeal. Accordingly, we hold that the magistrate correctly imputed monthly income of $2955 to Elizabeth as a voluntarily unemployed parent pursuant to I.C.S.G. § 6(c)(1)(A). *See Humberger v. Humberger,* 134 Idaho 39, 995 P.2d 809 (2000).

## IV.

### THE MAGISTRATE ERRED BY IMPUTING INCOME TO ELIZABETH FOR THE RENT–FREE ACCOMMODATIONS AND VEHICLE SHE RECEIVED FROM FAMILY AND FRIENDS

While we recognize that I.C.S.G. § 6(a) generally includes gift income within the definition of "gross income," § 6(a)(4) more specifically addresses Elizabeth's free rent and vehicle as contributions to her living expenses and should control. *K. Hefner, Inc. v. Caremark, Inc.,* 128 Idaho 726, 732, 918 P.2d 595, 601 (1996) (holding that where two statutes appear to apply to an issue, the more specific statute should control over the general statute); *City of Sandpoint v. Sandpoint Indep. Highway Dist.,* 126 Idaho 145, 149, 879 P.2d 1078, 1082 (1994).

Idaho Child Support Guidelines § 6(a)(4) provides that "where a parent derives a benefit through contribution to living expenses of the parent or children, e.g., from parents, spouse or others . . . the court shall not consider the benefit to the parent as an available resource, unless compelling reasons exist." This guideline will commonly preclude a trial court from considering any free rent or vehicle given to a parent as income for purposes of determining an appropriate child support modification because they are "contributions to living expenses." Only where "compelling reasons" exist can a court vary from the usual application of I.C.S.G. § 6(a)(4).

More specifically, I.C. § 32–706A(C) provides that "if the court determines that circumstances exist to permit a departure from the guidelines, the judge making the determination shall make a written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in the particular case." The magistrate's decision makes no specific finding, and the record does not reveal, that compelling circumstances exist in the instant case such that the contributions to Elizabeth's living expenses, over and above the newly imputed income of $35,464, should be considered a source of income to her. The magistrate therefore erred in imputing income to Elizabeth in the form of free rent and vehicle use. Where no compelling circumstances have been shown, a trial court "shall not consider [a contribution to living expenses] as an available resource."

## V.

### THE MAGISTRATE ACTED WITHIN HIS DISCRETION BY REDUCING LEE'S ANNUAL INCOME FOR PURPOSES OF CHILD SUPPORT CALCULATION IN ACCORDANCE WITH THE HISTORIC AMOUNT OF LEGAL FEES INCURRED EACH YEAR BY LEE AS A RESULT OF PROTRACTED DIVORCE LITIGATION

In reducing Lee's income by the amount of his annually incurred attorney fees averaged over the previous four years, the magistrate court stated that it had authority to "consider expenses if such expenses impact the abili-

ty of an obligor to pay child support in a significant manner."

 While it is unclear from the I.C.S.G. whether involuntarily incurred attorney fees can commonly be used to adjust the gross income of one party, this case presents uncommon circumstances where the parties' combined income is well over $150,000. Section 10 of the Idaho Child Support Guidelines sets forth an income table to calculate the amount of child support for up to $150,000 of combined income. For combined income over $150,000, subsection 10(d)(2) provides that "the court shall consider *all relevant factors*, which may include ... the financial resources, needs, and *obligations* of both parents." (Emphasis added.). Accordingly, trial courts, in determining an appropriate child support award, are vested with broad discretion in addressing any combined income over $150,000.

 Lee's gross income before the current modification was $163,288. Lee presented evidence that he incurred $51,692 in legal expenses during the prior four years because of Elizabeth's persistent divorce litigation, not including the attorney fees awarded from prior court actions held to be frivolous. All these fees had to be paid from income earned by Lee. Elizabeth, meanwhile, received free legal services or income from family and friends to assist her in continual litigation. Accordingly, the magistrate modified the child support order by lowering Lee's annual gross income by $12,923.

Based upon I.C.S.G. § 10(d)(2), the magistrate had the discretion to treat that income as unavailable for purposes of child support, which is in effect what he did. The magistrate properly exercised his discretion by declining to award any child support from Lee's income over $150,365, based on Lee's historic financial obligations—his extraordinary legal expenses caused by Elizabeth.

2. There is a lack of clarity as to the magistrate's intended duration of this adjustment to Lee's income for attorney fees. If Elizabeth no longer causes Lee to involuntarily incur attorney fees, then it would only take four years for Lee to

## VI.
## CONCLUSION

For the reasons set forth above, we conclude that the magistrate (1) properly imputed income to Elizabeth for her potential employment as a nurse; (2) erred by imputing income to Elizabeth for contributions to her living expenses; and (3) on these specific facts, acted within his discretion by adjusting Lee's income to account for the amount of attorney fees Lee incurred as a result of Elizabeth's continued litigiousness.[2] We accordingly remand this case to the magistrate court for modifications to the order for child support in accordance with this opinion. The parties shall each bear their own costs and attorney fees on this appeal.

Judge LANSING and Judge Pro Tem McDERMOTT concur.

recover his depleted income. Thereafter, this reduction should cease to be effective, subject, of course, to any further showing by Lee of protracted litigation expenses.