189 P.3d 484

**Marina HARRIS, f/k/a Marina Carter, Plaintiff–Respondent,**

**v.**

**Austin Roger CARTER, Defendant–Appellant.**

**No. 34002.**

Court of Appeals of Idaho.

July 16, 2008.

Austin R. Carter, Pocatello, pro se appellant.

Shan B. Perry of Holden, Kidwell, Hahn & Crapo, P.L.L.C., Idaho Falls, for respondent.

LANSING, Judge.

Austin Roger Carter ("Roger") appeals from the district court's order on intermediate appeal, which affirmed the magistrate's order on Roger's petition to modify a prior child custody and support order. We affirm in part and reverse in part.

## I.

### FACTS AND PROCEDURE

Roger and respondent Marina Harris ("Marina") were divorced in 1999 in the state of Montana. Marina was given primary physical custody of their two children. Several years after the divorce, Roger filed a petition in Bonneville County magistrate court to modify the divorce decree concerning matters of child custody and child support. Through mediation the parties reached agreement on all matters except the amount of child support. As to child support, they agreed only that support would be calculated under the Idaho Child Support Guidelines [1] and based upon the respective income of the parties as determined under the Guidelines. The magistrate took evidence at a hearing where both parties testified. The magistrate's decision increased the child support to be paid by Roger from $400 to $578 per month. Roger appealed to the district court. The district court affirmed and awarded attorney fees against Roger under Idaho Code § 12–121. Roger appeals pro se.

## II.

### STANDARD OF REVIEW

When reviewing a decision of the district court acting in its appellate capacity, we examine the record from the magistrate court to determine whether there is substantial and competent evidence to support the mag-

---

1. The Idaho Child Support Guidelines are locat-  ed at Idaho Rule of Civil Procedure 6(c)(6).

istrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we will likewise affirm the district court's decision. *Losser v. Bradstreet,* 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *Nicholls v. Blaser,* 102 Idaho 559, 633 P.2d 1137 (1981).

The decision of the trial court on a motion to modify child support is reviewed on appeal for an abuse of discretion. *Noble v. Fisher,* 126 Idaho 885, 888, 894 P.2d 118, 121 (1995); *Kornfield v. Kornfield,* 134 Idaho 383, 385, 3 P.3d 61, 63 (Ct.App.2000); *Atkinson v. Atkinson,* 124 Idaho 23, 25, 855 P.2d 484, 486 (Ct.App.1993). As set forth in *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991), we examine (1) whether the trial court correctly perceived this issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the applicable legal standards; and (3) whether the trial court reached its decision by an exercise of reason. An abuse of discretion will be found if the magistrate failed to give consideration to relevant factual circumstances, *Rohr v. Rohr,* 128 Idaho 137, 141, 911 P.2d 133, 137 (1996); *Yost v. Yost,* 112 Idaho 677, 680, 735 P.2d 988, 991 (1987); *Margairaz v. Siegel,* 137 Idaho 556, 558, 50 P.3d 1051, 1053 (Ct.App. 2002), or if the magistrate's findings are not supported by the evidence, *Biggers v. Biggers,* 103 Idaho 550, 555, 650 P.2d 692, 697 (1982); *Rohr v. Rohr,* 126 Idaho 1, 3, 878 P.2d 175, 177 (Ct.App.1994).

■ Roger's briefs on this appeal attempt to raise numerous issues for our decision. Many of them we do not address for at least one of the following reasons. First, many of the issues that Roger argues to this Court were not raised before the magistrate. It is well established that an appellate court of this state will not consider issues that were not presented to the trial court. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. Jones,* 141 Idaho 673, 676, 115 P.3d 764, 767 (Ct.App.2005). Second, some of the issues now argued by Roger

may have been presented to the trial court but were not raised in the intermediate appeal to the district court. Where an intermediate appeal has occurred, only issues raised in that intermediate appeal may be brought forward to a higher appellate court. *See Stonecipher v. Stonecipher,* 131 Idaho 731, 737, 963 P.2d 1168, 1174 (1998); *State v. Bailey,* 117 Idaho 941, 943, 792 P.2d 966, 968 (Ct.App.1990). Third, some of Roger's arguments are not supported by any relevant legal authority. This Court will not address issues for which the appellant has not provided relevant legal authority. *Cowan v. Board of Com'rs of Fremont County,* 143 Idaho 501, 508, 148 P.3d 1247, 1254 (2006). Accordingly, we address those issues presented by Roger that were both preserved in the proceedings below and adequately supported by at least some authority.

## III.

## ANALYSIS

### A. Compelling Reasons to Consider Marina's Interest in New Husband's Income

■ Roger first argues that the magistrate erred in failing to consider Marina's community property interest in her new husband's substantial income for purposes of computing Marina's share of the child support obligations.

At the time of the evidentiary hearing, Marina was voluntarily unemployed and had no personal income. She testified that if she were to work, she could earn no more than $10 per hour, and she took the position that this amount should be imputed to her as potential income pursuant to Idaho Child Support Guideline 6(c)(1). Roger, conversely, contended that income attributed to Marina should include her community property interest in her new husband's income, which exceeded $400,000 per year. The magistrate rejected Roger's argument and imputed to Marina only potential earnings of $20,000 per year. On intermediate appeal, the district court affirmed the magistrate. Roger claims error.

Both Idaho Code § 32–706(1)(b) and Idaho Child Support Guideline 6(a)(3) preclude inclusion of a parent's community property interest in the income of a new spouse in determining the parent's income for purposes of calculating child support obligations unless "compelling reasons exist." Specifically, I.C. § 32–706(1)(b) provides that in determining parental child support obligations, consideration should be given to:

> (b) The financial resources, needs, and obligations of both the custodial and noncustodial parents *which ordinarily shall not include a parent's community property interest in the financial resources or obligations of a spouse who is not a parent of the child, unless compelling reasons exist.*

In accord, Idaho Child Support Guideline 6(a)(3) provides in part:

> (3) Income of Parents and Spouse. Gross income ordinarily shall not include a parent's community property interest in the financial resources or obligations of a spouse who is not a parent of the child, unless compelling reasons exist.

Neither the statute nor the guideline, nor any reported decisions of Idaho appellate courts, identify factors or circumstances that might constitute or contribute to "compelling reasons" to consider a new spouse's income.

■ Determining the meaning of a statute and its application is a matter of law over which this Court exercises free review. *Idaho Cardiology Assoc., P.A. v. Idaho Physicians Network, Inc.,* 141 Idaho 223, 225, 108 P.3d 370, 372 (2005). In construing a statute, our objective is to ascertain and effectuate the intent of the legislature. *Adamson v. Blanchard,* 133 Idaho 602, 605, 990 P.2d 1213, 1216 (1999); *Kootenai Elec. Co-op., Inc. v. Washington Water Power Co.,* 127 Idaho 432, 435, 901 P.2d 1333, 1336 (1995); *Carpenter v. Twin Falls County,* 107 Idaho 575, 582, 691 P.2d 1190, 1197 (1984). The legislature's intent is ascertained from the statutory language, and the Court may seek edification from the statute's legislative history and historical context at enactment. Interpretations of the Idaho Child Support Guidelines are questions of law subject to free review. *Kornfield,* 134 Idaho at 385, 3 P.3d at 63.

On the issue presented here, the legislative history of the statute and the documented history of the Idaho Child Support Guidelines provide no assistance. We perceive, however, at least three likely reasons for the provisions limiting the consideration of a parent's community property interest in the income of a new spouse. First, the parents of a child have a legal duty to financially support and care for their non-emancipated children. I.C. § 32–1002; *Nab v. Nab,* 114 Idaho 512, 515, 757 P.2d 1231, 1234 (Ct.App. 1988). Indeed, the Guidelines are premised on the principle that both parents should bear responsibility for financially supporting their child or children in proportion to their Guidelines Income. I.C.S.G. 4(a); *Noble,* 126 Idaho at 888, 894 P.2d at 121. The legislature may well have determined that a parent should not be relieved of that financial responsibility, in whole or in part, because of the fortuitous circumstance of an ex-spouse's remarriage to a person of significantly greater means. Second, computing child support obligations based upon a new spouse's income, which would have the effect of placing the financial burden of support in part upon the new spouse, could have the effect of discouraging remarriages. Third, inclusion of a new spouse's income as part of a remarried parent's income in the ordinary determination of child support would substantially complicate child support proceedings for our trial courts. Added to the issues for trial in many cases would be the measure of the income of a third party (or even a fourth party if both parents have remarried), and issues concerning the existence and scope of any community property interests of the remarried parent, including whether execution of a separate property agreement or like arrangement could be used to avoid inclusion of a new spouse's income.

In light of these public policy considerations that may underlie the statute and guideline, we consider whether the factors argued by Roger constitute compelling reasons to attribute to Marina a share of her new husband's income. The trial evidence showed the following. After the divorce, in which Marina was given primary physical custody of the children, Marina moved from Montana to Utah, from place to place within

Utah, and ultimately to Idaho. These moves occurred as Marina's new husband attended medical school and gained employment, and with each such move by Marina, Roger also moved to be close to his children. At the time of the evidentiary hearing, Roger earned $33,675 per year and was remarried. His new wife was unemployed, had no income, and was taking classes in the pursuit of a college degree. Roger supported his new wife and her two children from a previous marriage. They rented a double-wide mobile home on seven acres, on which they kept two ponies, two horses and some chickens. Roger drove a 1989 Chevrolet Suburban. Roger testified that his children are "dressed nice" when they come from Marina's home, that they are provided "nicer toys" at Marina's home, and that Marina and her husband live in a subdivision in which the least expensive home is worth $200,000.

Marina's new husband makes over $400,000 per year. Marina had two additional children from the new marriage. Marina testified that she operated the household out of a checking account with limited funds on deposit, but no evidence was presented suggesting that Marina did not have a community property interest in her husband's income. Marina testified that she deposited the child support received from Roger into a bank account, which she was using to pay for her legal expenses. Marina and her husband owned their home and three vehicles: a 1999 Honda CRV, a 1999 Suburban, and a 1991 Honda Civic. Marina's and Roger's children attended public school.[2]

Roger maintains that the gross disparity between his income and that of Marina's new marital community constitutes a compelling reason to consider her interest in her new husband's income when calculating the parties' respective child support obligations. The magistrate determined, and the district court affirmed, that this disparity in income was insufficient, in itself, to constitute a compelling circumstance. We agree. Allowing

an exception in the circumstances of this case based on income disparity alone would contravene the Guidelines' underlying principle placing legal responsibility for financial support of children solely on their parents in proportion to their Guidelines Income. *See* I.C.S.G. 4(a); *Noble,* 126 Idaho at 888, 894 P.2d at 121. It is Roger and Marina who bear this legal obligation, not Marina's new husband.

Roger argues, as an additional factor, that disparity in the standard of living between the households militates in favor of a finding of compelling reasons. The magistrate weighed this factor, stating that "if the disparity between households was so great that it caused significant custodial issues or favoritism," this might demonstrate a compelling reason, but that the evidence did not show such circumstances. We can find no error in the magistrate's analysis. Roger presented little, if any, evidence on this issue. Other than that described above, he presented no information about his household's standard of living or Marina's. He presented no evidence of his household's expenses, no evidence in support of his current assertion that his household is living "check-to-check," no evidence that he is unable to adequately care for his children while they are in his custody due to lack of resources, no evidence that the disparity of income between the households impaired his relationship with the children, and no evidence of the costs he absorbed due to his repeated moves to be close to his children, either in money or in the loss of a well-paying job or career.

Contrary to Roger's assertions, the magistrate did not ignore relevant evidence; rather, evidence of the "facts" now argued by Roger was not presented at the hearing. The magistrate's factual findings are supported by the evidence, and Roger has shown no error in the magistrate's and district court's determinations that he did not sustain his burden of proving compelling reasons.

---

**2.** In his argument to this Court Roger discussed additional factors and "evidence" not presented to the magistrate. Those matters will not be considered by this Court because appellate review is limited to the evidence and issues that were presented in the trial court. *Nelson v.*

*Nelson,* 144 Idaho 710, 714, 170 P.3d 375, 379 (2007); *Obenchain v. McAlvain Const., Inc.,* 143 Idaho 56, 57, 137 P.3d 443, 444 (2006); *State v. Vierra,* 125 Idaho 465, 468, 872 P.2d 728, 731 (Ct.App.1994).

## B. Calculation of Marina's Imputed Income

██ Marina testified at trial that she could earn no more than $10 per hour, an earnings rate that equates to $20,800 annually. The magistrate made a finding accepting this testimony, but the magistrate's order imputed to Marina income of only $20,000 per year. On intermediate appeal before the district court, Roger contended that the magistrate's math was wrong, but the district court found no error. The district court held that "it is not unreasonable to assume that [Marina] would take two weeks vacation if she were working full time."

The magistrate and the district court erred. Marina did not argue or present evidence that no paid vacation leave would be available to her or that her imputed income should be reduced because she would reasonably take two weeks of vacation if she were working full-time. We reverse the district court on this issue and remand to the magistrate for a corrected order setting Marina's income at $20,800 per year and recalculating child support accordingly.[3] *See Rohr*, 128 Idaho at 142, 911 P.2d at 138.

## C. Attorney Fees on Intermediate Appeal

██ The district court awarded attorney fees against Roger on intermediate appeal pursuant to I.C. § 12–121, concluding that Roger's appeal was frivolous. The district court said that Roger's intermediate appeal "addresses questions of law that are well-settled in Idaho." Roger contends that the district court erred, and we agree.

██ Idaho Code § 12–121 allows a court to award attorney fees to the prevailing party in any civil action. *Nelson v. Nelson*, 144 Idaho 710, 717, 170 P.3d 375, 382 (2007). An award of attorney fees under this statute is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the proceeding was brought, pursued, or de-

fended frivolously, unreasonably, or without foundation. I.R.C.P. 54(e)(1); *Hogg v. Wolske*, 142 Idaho 549, 559, 130 P.3d 1087, 1097 (2006); *Nampa & Meridian Irrigation Dist. v. Washington Fed. Savings*, 135 Idaho 518, 20 P.3d 702 (2001). When deciding whether to award fees on appeal under I.C. § 12–121, the entire appeal must be taken into account and if at least one legitimate issue is presented, attorney fees may not be awarded even though the losing party has asserted other claims of error that are frivolous or unreasonable. *McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003).

Many of Roger's issues presented on intermediate appeal were frivolous in that the issues and concerns he presented were not raised before the trial court in an adequate fashion. However, as noted above, Roger did present to the district court an issue never previously addressed by Idaho's appellate courts, namely what circumstances constitute "compelling reasons" to take into account a parent's community property interest in the income of a new spouse in determining child support. In addition, Roger correctly challenged the magistrate's computation of Marina's imputed income. Therefore, the district court's award of attorney fees under I.C. § 12–121 was not warranted. *Blanton v. Canyon County*, 144 Idaho 718, 722, 170 P.3d 383, 387 (2007). The district court's award of attorney fees to Marina on intermediate appeal is reversed.

## D. Attorney Fees in this Appeal

Marina requests attorney fees in this appeal under I.C. § 12–121. For the reasons stated in Section C above, this appeal was not frivolous, and her request is therefore denied.

## IV.

## CONCLUSION

The magistrate's computation of child support is vacated and this matter is remanded

---

**3.** Roger complains on appeal that the magistrate court erred by not disclosing its calculations of child support in its order. Although Roger did not raise this issue before the magistrate, and the Idaho Child Support Guidelines do not appear to require it, we agree that it would be helpful to the parties and to a reviewing court if the magistrate court would set forth its calculations of child support in the format of the Child Support Worksheets found in I.R.C.P. 6(c)(6), Appendices A, B & C.

to the magistrate for recalculation of child support based upon income of $20,800 per year imputed to Marina. The district court's award of attorney fees against Roger on intermediate appeal is reversed. No costs or attorney fees to either party.

Chief Judge GUTIERREZ and Judge PERRY concur.