IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37034

| | | |
|---|---|---|
| KRISTINA DRINKALL, | ) | 2011 Opinion No. 7 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 2, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARREN DRINKALL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge; Hon. Terry R. McDaniel, Magistrate.

District court's intermediate appellate decision affirming the magistrate's order modifying child support and denying petition to modify custody, affirmed in part, reversed in part, and case remanded.

Darren Drinkall, Meridian, pro se appellant.

Cosho Humprey, LLP; Franki J. Hargrave, Boise, for respondent.

_____

GUTIERREZ, Judge

Darren Drinkall appeals from the district court's intermediate appellate decision affirming the magistrate's final order modifying child support and denying Darren's request to modify custody. For the reasons set forth below, we affirm in part, reverse in part, and remand.

## I.

## FACTS AND PROCEDURE

Darren and Kristina were married in 1995 and three children were born of the marriage. Darren and Kristina divorced in 2001. Pursuant to the December 2001 decree of divorce, Kristina was awarded "primary physical custody"[1] of the children, Darren was granted

_____

[1]    Idaho Code § 32-717B provides a presumption that joint custody, both physical and legal, is in the best interests of a minor child. Because "joint physical custody" does not require that a child spend an equal period of time with both parents, see I.C. § 32-717B(2), the non-statutory

"visitation" and was required to pay $1,122 per month in child support. At that time both Darren and Kristina resided in Ada County, Idaho.

A few months later, the magistrate allowed Kristina to move with the children to Buhl, Idaho, located approximately one hundred miles from Ada County. In September 2002, Darren filed a petition to modify child support and the custody schedule seeking, with regard to the latter, more time with his children primarily during the summer months. By order filed on July 3, 2003, the magistrate determined, among other things, that Darren would have time with the children in Buhl for one four-hour period per week and, in Ada County, on alternating holidays, the first and third full weekends of every month, and during the summer months (June, July and August) for three nonconsecutive one-week periods to coincide with Darren's vacation from work. The magistrate further reduced Darren's child support to $954.50 per month.

In December 2007, Darren filed a pro se petition to again modify child support and the custody schedule. He sought recalculation of child support "in an amount consistent with the Idaho Child Support Guidelines," and further requested additional time with the children during the summer months. By his petition, Darren sought modification to allow the children to stay with him in Ada County for the entirety of the months of June, July, and August, with Kathleen to have the children every other weekend and for a two-week time period to be determined by the court. His reasons for this proposed modification were that since the last custody modification was entered the children were now five years older, Kristina was no longer a full-time mother but had now begun working full-time, and he had taken a new job where he had arranged to take off the entire months of July and August from work.

At the modification hearing, Kristina argued that for child support purposes, her income should be set at $38,000 per year and that Darren's income should be set at $63,200, representing his current $50,000 salary and $13,200 per year anticipated rental income from a woman that lived with him. The magistrate set Kristina's income at $38,000 per year and specifically stated that he would not include as part of her gross income a $1,000 bonus she received earlier in 2008

term "primary physical custody" has evolved to refer to the parent who has custody and care of the child the greater amount of time. *See King v. King*, 137 Idaho 438, 445 n.5, 50 P.3d 453, 460 n.5 (2002). Similarly, the parent who has physical custody the lesser amount of time is sometimes referred to as having "visitation," a term which we sometimes employ here although the more precise term would likely be "secondary physical custody."

2

because Darren had failed to produce any evidence that was a payment that Kristina could expect on a consistent basis in the future. The magistrate set Darren's income at $63,200, specifically ruling that Darren was receiving $1,100 per month in rental income and that Darren's testimony that the woman currently paying rent was in the process of moving out lacked credibility. With respect to the custody issue, the magistrate held that Darren had failed to establish that a material change in circumstances had occurred from those in existence at the time of the most recent custody order and that Darren had failed to produce any evidence that his proposed change in the summer visitation schedule was in the best interests of the children.

Darren appealed to the district court. The district court affirmed, indicating that to the extent Darren presented issues preserved for appeal, he merely invited the district court to second guess the magistrate on issues of fact. As a result and pursuant to her request, the district court awarded Kristina Idaho Code Section 12-121 attorney fees, finding that the appeal was brought unreasonably and without foundation. Darren appeals to this Court from the district court's intermediate appellate decision.

## II.

### STANDARDS OF REVIEW

When reviewing a decision of the district court acting in its appellate capacity, this Court directly reviews the district court's decision. *Mackowiak v. Harris*, 146 Idaho 864, 865, 204 P.3d 504, 505 (2009). If substantial and competent evidence supports the magistrate's findings of fact, and the magistrate's conclusions of law follow from those findings, and if the district court affirms the magistrate, we affirm the district court's decision as a matter of procedure. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008).

The decision of the trial court on a motion to modify child support or custody is reviewed on appeal for an abuse of discretion. *Danti v. Danti*, 146 Idaho 929, 934, 204 P.3d 1140, 1145 (2009); *Hopper v. Hopper*, 144 Idaho 624, 626, 167 P.3d 761, 763 (2007); *Noble v. Fisher*, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995); *Kornfield v. Kornfield*, 134 Idaho 383, 385, 3 P.3d 61, 63 (Ct. App. 2000); *Atkinson v. Atkinson*, 124 Idaho 23, 25, 855 P.2d 484, 486 (Ct. App. 1993). In matters of discretion, we examine (1) whether the trial court correctly perceived this issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the applicable legal standards; and (3) whether the trial court reached its decision by an exercise of reason. *Hopper*, 144 Idaho at 626, 167 P.3d at 763; *Sun Valley*

*Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). An abuse of discretion will be found if the magistrate failed to give consideration to relevant factual circumstances, *Rohr v. Rohr*, 128 Idaho 137, 141, 911 P.2d 133, 137 (1996); *Yost v. Yost*, 112 Idaho 677, 680, 735 P.2d 988, 991 (1987); *Margairaz v. Siegel*, 137 Idaho 556, 558, 50 P.3d 1051, 1053 (Ct. App. 2002), or if the magistrate's findings are not supported by the evidence. *Biggers v. Biggers*, 103 Idaho 550, 555, 650 P.2d 692, 697 (1982); *Rohr v. Rohr*, 126 Idaho 1, 3, 878 P.2d 175, 177 (Ct. App. 1994).

The party seeking custody modification has the burden of justifying a request for a change in custody. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). In determining whether to grant a custody modification, "the paramount concern is the best interest of the child." *Id.*

## III.

## ANALYSIS

### A. Child Support

#### 1. Darren's income

Darren argues that the magistrate erred in computing his income for child support purposes in two ways. First, he asserts that the magistrate erred by not characterizing the $1,100 per month he received from the woman living with him as a contribution to living expenses excludable from gross income for child support purposes. He bases his argument on a portion of his trial testimony where he described this payment as a "sharing of the bills." However, in other testimony Darren said that he had rented "part of his home" to the woman, agreed that the $1,100 monthly payment was for "rent," and that he had been receiving these monthly payments since January of 2008. As the party challenging the child support award in this appeal, Darren bears the burden of establishing error. *Olson v. Montoya*, 147 Idaho 833, 837, 215 P.3d 553, 557 (Ct. App. 2009).

Child support calculations are based on the parties' "gross incomes" which, as a starting premise, "includes income from any source." Idaho Child Support Guideline (I.C.S.G.) 6(a)(1).[2] "Rent" is specifically identified as included in "gross income." I.C.S.G. 6(a)(2). Under I.C.S.G. 6(a)(4), a "contribution to living expenses" is excludable as income for child support

---

[2]     The Guidelines are found under Idaho Rule of Civil Procedure 6(c)(6).

purposes unless the trial court finds "compelling reasons" to include it. *See Kornfield*, 134 Idaho at 386, 3 P.3d at 64.

The district court ruled that Darren had failed to assert before the magistrate that the monthly payments should have been treated as an excludable contribution to living expenses; and that even if he had, the magistrate's finding that these payments were for rent, and therefore includable as income to Darren, was based on substantial and competent evidence. The district court need have gone no further than its first ruling. At the magistrate level, Darren did not make any argument that, in his view, this payment was a contribution to living expenses excludible from his gross income and the magistrate did not address the issue of his own accord.[3] As far as the record submitted to this Court reflects, the first time Darren mentioned the possible application of I.C.S.G. 6(a)(4) to his circumstance was in his appellate brief submitted to the district court. Issues may not be raised for the first time on appeal, *Crowley v. Critchfield*, 145 Idaho 509, 512, 181 P.3d 435, 438 (2007), and "[a]ppellate court review is limited to the evidence, theories and arguments that were presented below." *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007). Because Darren did not raise this issue before the magistrate, we do not address it.

Darren also argues, in the alternative, that the magistrate erred in not accepting his "uncontradicted," "credible," and "not inherently improbable" testimony that these payments would not be received in the future because the woman was in the process of moving out. Darren's argument is based on the unstated premise that, while evidence of past gross income is highly relevant, the focus in establishing income for child support should be the amount of gross income the parent will earn from the child support award forward in time. *See generally Olson*, 147 Idaho at 835, 215 P.3d at 555 (magistrate accepted father's evidence that because of changed business circumstances his anticipated income was significantly reduced from the year before and determined father's gross income for child support purposes on that basis). We have no quarrel with this logical presumption as, for example, it would make little sense for a magistrate to determine the amount of child support solely on a parent's prior year income where it is established that the parent is no longer employed.

---

[3] After Darren received the magistrate's written judgment, Darren did not avail himself of the opportunity to file an Idaho Rule of Civil Procedure 59(e) motion to alter or amend the judgment to comport with his view of what the trial facts showed.

This being said, Darren cites *Dinneen v. Finch*, 100 Idaho 620, 626-27, 603 P.2d 575, 581-82 (1979), for the proposition that "a trier of fact may not arbitrarily or capriciously disregard the uncontradicted testimony of a credible witness" and asserts that he is one of those witnesses. However, this general rule of law has little application here. We hold that the district court did not err by ruling that the magistrate neither arbitrarily nor capriciously disregarded Darren's testimony. Inherently, the magistrate recognized that Darren had an "iron in the fire" as a party in the action with the amount of his child support obligation hanging in the balance. Moreover, Darren's trial testimony was that when the woman found out that Kristina planned to assert that these payments should be treated as income to Darren for child support purposes, she "said there was no way she was going to allow that to happen," and began to move out "probably two days ago" and "is still in the process of it." The magistrate specifically found that in these circumstances, Darren's testimony lacked credibility. In the absence of a clear abuse of discretion we will not substitute our view of the evidence for that of the trial court, particularly with regard to the credibility of witnesses. *Silva v. Silva*, 142 Idaho 900, 904, 136 P.3d 371, 375 (Ct. App. 2006). Darren has failed to show the magistrate erred in computing his income for child support purposes.

### 2. Kristina's income

Darren elicited from Kristina on direct examination that her current salary was "approximately $38,000" and Kristina offered that she had received a 2008 bonus of "roughly" $1,000. Kristina asserted that her gross income for child support purposes should be set at $38,000. The magistrate held that in order to include Kristina's bonus as part of her gross income, Darren would have had to establish that this bonus was an expected part of her income on a yearly basis, which Darren failed to do. The magistrate set Kristina's income at $38,000.

Darren now claims error. He points out that Kristina's 2007 W-2 reflected, in the summary section, "gross pay" of $38,410.49. He further points out that "bonuses" are included as part of gross income under I.C.S.G. 6(a)(1)(i). However, there is no evidence that Kristina would receive a thousand dollar bonus annually. The only testimony presented was that Kristina's employer changed its incentive plan for the year 2008.

As the party challenging the child support award in this appeal, Darren bears the burden of establishing error. *Olson*, 147 Idaho at 837, 215 P.3d at 557. We find no error in the magistrate's determination that Kristina's gross income for child support purposes should be

6

determined based upon her expected future income and that that amount, based on the evidence, was $38,000.

**B.     Custody Visitation Schedule**

Darren further argues that the magistrate abused his discretion in denying Darren's motion to modify the custody schedule.  Under the amended decree in effect at the time these modification proceedings were brought, the parties shared joint physical custody of the children.  Kristina continued to have "primary physical custody" of the children in Buhl and Darren had time with the children in Buhl for one four-hour period per week and, in Ada County, on alternating holidays, on the first and third full weekends of every month, and during the summer months (June, July and August) for three nonconsecutive one-week periods to coincide with Darren's vacation from work.  By his current petition, Darren sought a change in custody during the summer months.  Darren requested that the children stay with him in Ada County for the entirety of June, July, and August, with Kathleen to have the children in Buhl every other weekend and for a court-determined two-week time period.

The magistrate determined that Darren failed to establish a material change in circumstances and that he failed to present any evidence that the best interests of the children warranted a change in the current schedule.  Specifically, the magistrate held:

> Now, with regards to the change of visitation, [Mr. Drinkall], you have not shown a material change of circumstance.  When [the prior magistrate's] order was entered it is acknowledged that children are going to get older.  There is no question about it.  What you have to do is you have to be able to show that any changes that you wish to have made here are in the best interest of the children.  You haven't presented any evidence concerning what is in the best interest of the children.
>
> You have presented what are your wishes.  You present what are her wishes, not what is best for the children.  And so I don't have any psychologist.  I don't have any doctors.  I don't have any teachers.  I don't have anyone who is going to say it is best for these children to have additional time.

The magistrate concluded:

> And so there has not been a material change of circumstances that would require me to find that it is in the best interest of the children to make a change.  From your own testimony and from her testimony and from your mother's testimony it is indicated that the children are well adjusted, are happy, they get along fine, they are doing well in school.  There is no reason to change it.  If it ain't broke we are not going to fix it.

7

Now, if the children weren't doing well in school and that type of thing, that is something that I can, you know, wrap my hands around. But right now the only thing that is happening here is what you want and not what is best for the children. And I haven't received any evidence on what is best for the children. It may be out there, but you didn't present it.

So based on that there has been no material change in circumstance with regards to the custody [sic] is concerned, and therefore I will dismiss your petition concerning the visitation and custody.

## 1. Darren established a material change in circumstances

At the custody modification hearing, Darren specifically referred to the fact that previously the ages of the children had been relied upon to limit his summer time with the children and that since the last order modifying the custody arrangement was entered the children were now five years older. He also pointed out that, unlike the circumstances in place at the entry of the most recent custody order, Kristina was no longer a full-time mother but had now begun working full-time and that he had taken a new job where he had arranged to take off the entire months of July and August from work. The magistrate, however, concluded that no material change in circumstances had been shown. The record and applicable law does not support the magistrate's determination that no material change in circumstances has been shown.

In his order filed on July 3, 2003, the prior magistrate addressed Darren's request for "as much time with the children during the summer as he can get." The order stated that at that time the children were four, three and two years-of-age, Kristina had recently moved with the children from Ada County to Buhl, Idaho, more than one hundred miles away from Darren's residence, Kristina was not employed, and Darren was employed full-time. In limiting Darren's summer time with the children in Ada County to three one-week periods to coincide with Darren's vacation, the former magistrate expressed his reasoning stating:

> Because of the distance that separates the parties, a visitation schedule that is customized for each of the children, particularly [N] (who is only two years old) is no longer practical. Darren's visitation periods must involve all of the children at once. Therefore, in determining a visitation schedule that is in *all* of the children's best interests, the court attempted to pay particular attention to [N]'s needs, which require more consistent attention than do the needs of [C], who is going to be five years old soon. Developmentally, it is the court's experience that two-year old children are less independent and secure than five-year old children who can, in general, adapt to greater changes in their physical environment and to more time apart from a primary caregiver. This is not to say that the Drinkall children are unfamiliar with Darren's home; on the contrary, they have visited him at that home frequently for at least the past year and a half.

8

All of the children are still sufficiently young that they require constant supervision and attention for both their welfare and safety.

Darren's work schedule and living arrangements do not lend themselves to large blocks of time to supervise three young children nor is the court comfortable with delegating parental duties to Darren's girlfriend. Consequently, it is in the best interests of the children that the block of summer time and holiday visitation be consistent with the amount of vacation time Darren has available each year to have the children.

Thus, each of Darren's trial assertions of material changes in circumstances since the entry of the most recent custody order were clearly supported by the record. The magistrate's conclusion otherwise is not supported by the record, is clearly erroneous and was an abuse of discretion.

**2.     Evidence concerning the best interests of the children was presented**

Darren also contends that the magistrate erred in his determination that Darren failed to present "any evidence concerning what is in the best interest of the children."

Our Supreme Court has held that:

[I.C. § 32-717] gives trial courts wide discretion in making custody determinations, but it requires them to consider all relevant factors when evaluating the best interest of the child. *Id.; see also [Hoskinson v. Hoskinson*, 139 Idaho 448, 455, 80 P.3d 1049, 1056 (2003)]. Relevant factors may include the parents' wishes for the child's custody; the child's wishes; the interrelationship and interaction of the child with his or her parents and siblings; the extent the child has adjusted to his or her school, home, and community; the circumstances and character of the persons involved; the need to promote continuity and stability in the child's life; and domestic violence. I.C. § 32-717(1)(a)-(g). This list of factors is not exhaustive or mandatory and courts are free to consider other factors that may be relevant. *Nelson v. Nelson,* 144 Idaho 710, 715, 170 P.3d 375, 380 (2007). Courts must, however, take into account Idaho's presumption that it is in the child's best interest to maintain frequent and continuing contact with both parents, unless one parent is an habitual perpetrator of domestic violence. I.C. § 32-717B. *Id. See also,* §§ 32-1007, 18-4506; *Hopper v. Hopper,* 144 Idaho 624, 627, 167 P.3d 761, 764 (2007).

*Bartosz v. Jones*, 146 Idaho 449, 454, 197 P.3d 310, 315 (2008).

The magistrate's reasoning that no "best interest" evidence had been presented does not withstand scrutiny. First, the magistrate erred in applying artificial legal barriers to the determination at hand. Idaho law does not require the testimony of a psychologist, a doctor, a teacher or any other particular witness in order to establish that a change in the shared custody schedule would be in the best interest of a child. Neither is there a requirement under Idaho law

9

that a child behave badly in the current custody arrangement before a change in visitation in the best interest of the child is warranted.  Moreover, the magistrate erred by ruling that the wishes of the parents regarding custody were not relevant to a best interest determination.  Indeed, the wishes of the parents are a specific statutory factor to be considered in determining the best interest of a child regarding custody.  *See* I.C. § 32-717(1)(a).  Finally, the record supports Darren's contention that he presented evidence of the interrelationship and interaction of the children with the parents and the children's adjustments in the respective homes, both additional statutorily identified factors.  *See* I.C. § 32-717(1)(c) and (d).  For these reasons, we remand to the magistrate for reconsideration.

We make clear for purposes of remand that we are *not* holding that Darren is entitled to any or all of the additional summer time he requested.  This determination should be made in light of the current circumstances of the parties and the children which may have changed since September of 2008.  In reaching the custody determination, the magistrate should take into account Idaho's statutory policy that joint physical custody should be shared in such a way to ensure that a child maintain frequent and continuing contact with both parents.  I.C. § 32-717B(2).  In this light and with regard to the evidence presented, it is for the magistrate on remand to determine whether the children's best interests would be served by spending more time living with their father during the summer months and, if so, how much time that should be.  Finally, it is recognized that child custody issues need not always be litigated and that "[c]ooperating divorced parents can achieve far more for their children than might flow from even the best thought-out orders of the courts."  *Nelson*, 144 Idaho at 717, 170 P.3d at 382 (quoting *Hawkins v. Hawkins*, 99 Idaho 785, 790, 589 P.2d 532, 537 (1978)).

## C.      Attorney Fees

Both parties seek attorney fees on appeal under I.C. § 12-121.  Attorney fees may be awarded under this statute if an appeal is brought or defended frivolously, unreasonably or without foundation.  *Crowley*, 145 Idaho at 514, 181 P.3d at 440.  As each party has prevailed in part, neither party's position on appeal is frivolous.  In accord, the requests are denied.[4]  In the intermediate appeal the district court awarded Kristina I.C. § 12-121 attorney fees, finding that the proceeding was brought unreasonably and without foundation.  Because we vacate the

---

[4]      Moreover, Darren appears pro se in this appeal and, thus, has incurred no attorney fees.

district court's appellate opinion affirming the magistrate, Darren's intermediate appeal was necessarily not frivolous, therefore we also vacate the district court's award of attorney fees. *High Valley Concrete, L.L.C. v. Sargent*, 149 Idaho 423, 429, 234 P.3d 747, 753 (2010).

## IV.

## CONCLUSION

The district court's intermediate appellate decision affirming the magistrate and its order awarding attorney fees on intermediate appeal are affirmed in part and reversed in part. The district court's decision affirming the magistrate's child support determination is affirmed. The district court's decision affirming the magistrate's ruling on custody is reversed as is the award of attorney fees and this case is remanded. The parties' requests for I.C. § 12-121 attorney fees on appeal are denied. No costs are awarded to either party.

Judge MELANSON and Judge Pro Tem SCHWARTZMAN **CONCUR.**